UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 05-10983 (NMG) |
| Plaintiff, |  |
| v. | **JURY TRIAL DEMANDED** |
| STEVEN E. NOTHERN, |  |
| Defendant. |  |

## ANSWER OF DEFENDANT STEVEN E. NOTHERN

Defendant Steven E. Nothern ("Nothern") hereby answers the Securities and Exchange Commission's (the "SEC") Complaint (the "Complaint") as follows:

1. Paragraph 1 of the Complaint contains arguments and legal conclusions to which no response is required. To the extent a response is required, Nothern denies the allegations of paragraph 1, except that he admits that on October 31, 2001 he was a fund manager at Massachusetts Financial Services Company ("MFS"), and Peter Davis, Jr. ("Davis") was a Washington, D.C. based consultant who had been hired by MFS.

2. Nothern denies the allegations of paragraph 2.

3. Nothern denies the allegations of paragraph 3.

4. Nothern states that the SEC's requests for relief do not require a response and otherwise denies the allegations of paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response is required.

6. Paragraph 6 states a legal conclusion to which no response is required.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Nothern denies the averments of paragraph 7.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Nothern denies the averments of paragraph 8.

9. Nothern admits that he is a resident of Scituate, Massachusetts and served in 2001 as a Senior Vice President at MFS, where he managed six mutual funds and an institutional portfolio, all of which invested in Treasury issues, but denies the remaining allegations of paragraph 9.

10. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 and therefore denies them except that Nothern admits that MFS was a client of Davis.

11. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 and therefore denies them.

12. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 and therefore denies them.

13. Nothern admits that MFS retained Davis but otherwise is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 and therefore denies them.

14. Nothern admits that Nothern received e-mails and faxes from Davis, but otherwise states that he is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 and therefore denies them.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 and therefore denies them.

20. Nothern denies that information disclosed at Treasury Refunding Press Conferences is confidential and otherwise is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 and therefore denies them.

21. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 and therefore denies them.

22. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 and therefore denies them.

23. Nothern states that the allegations in paragraph 23 assert legal conclusions for which no response is required and otherwise is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 and therefore denies them.

24. Paragraph 24 states a legal conclusion to which no response is required.

25. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 and therefore denies them.

26. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 and therefore denies them.

27. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 and therefore denies them.

28. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 and therefore denies them.

29. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29 and therefore denies them.

30. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 and therefore denies them.

31. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 and therefore denies them.

32. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 32 and therefore denies them.

33. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 and therefore denies them.

34. Nothern denies the allegations of paragraph 34 except that he admits that Davis began leaving a voicemail message for Nothern no earlier than 9:38 a.m. and that in the message Davis said that Fisher had told Davis that Treasury would be canceling the long bond and that Nothern understood a release containing this information was subject to a press embargo until 10:00 a.m.

35. Nothern denies the allegations of paragraph 35 except that he admits that he listened to Davis' voice mail and he knew that Fisher worked in the debt finance area at Treasury and that, generally speaking Treasury refunding announcements might contain market sensitive information.

36. Nothern denies the allegations of paragraph 36 except that he admits that he told a MFS portfolio manager that Davis, MFS's Washington consultant, had indicated in a voice mail that the long bond would be cancelled.

37. Nothern denies the allegations of paragraph 37 except that he admits that after listening to Davis' voice mail message on the morning of October 31, 2001, he authorized the purchase of $25 million in par value of long bonds for the funds he managed, but otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 37 and therefore denies them.

38. Nothern denies the allegations of paragraph 38 except that he admits that on the Morning of October 31, 2001 he authorized an additional purchase of long bonds for the funds he managed.

39. Nothern denies the allegations of paragraph 39. Further answering, Nothern states that in response to a question from a member of MFS' Fixed Income Department, Nothern said that it was appropriate for MFS to trade on the information that Davis had supplied and in testimony before the SEC, Nothern testified that Davis had told him the press release was embargoed until 10:00 a.m.

40. Paragraph 40 of the Complaint contains arguments and legal conclusions to which no response is required. To the extent a response is required, Nothern denies the allegations of paragraph 40.

41. Paragraph 41 of the Complaint contains arguments and legal conclusions to which no response is required. To the extent a response is required, Nothern lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 41 and therefore denies them.

42. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 and therefore denies them.

43. Paragraph 43 asserts legal conclusions to which no response is required. To the extent a response is required, Nothern denies the averments of paragraph 43.

44. Nothern denies that Davis misappropriated confidential nonpublic Treasury information but otherwise states that he is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 and therefore denies them.

45. Paragraph 45 states a legal conclusion to which no response is required.

46. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 46 and therefore denies them.

47. Nothern is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 and therefore denies them.

48. Paragraph 48 states a legal conclusion to which no response is required.

49. Paragraph 49 states a legal conclusion to which no response is required.

50. Paragraph 50 states a legal conclusion to which no response is required.  To the extent a response is required, Nothern denies the averments of paragraph 50.

51. Nothern denies the allegations of paragraph 51.

52. Nothern denies the allegations of paragraph 52.

53. Nothern denies the allegations of paragraph 53 except that he admits that Davis told Nothern is a voice mail that Fisher had said that the long bond would be cancelled.

## COUNT I

54. Nothern hereby incorporates his responses to paragraphs 1-53 herein.

55. Paragraph 55 states a legal conclusion to which no response is required.  To the extent a response is required, Nothern denies the averments of paragraph 55.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the SEC's claims are barred because of the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the SEC's claims are barred because of the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the SEC's claims are barred because of the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the SEC's claims are barred because Treasury's embargo on the information violated the First Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

The relief that the SEC seeks in whole or in part exceeds its authority or is otherwise not authorized by law.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to plead fraud with the requisite particularly.

        STEVEN E. NOTHERN

        By his attorneys,

Dated: July 15, 2005        /s/ John A. Shope
        Nicholas C. Theodorou (BBO # 495730)
        John A. Shope, (BBO # 562056)
        Kevin B. Currid (BBO # 644413)
        Jessica V. Barnett (BBO # 650535)
        Attorneys for Steven E. Nothern
        FOLEY HOAG LLP
        155 Seaport Boulevard
        Boston, MA 02210
        jshope@foleyhoag.com
        (617) 832-1000 (Phone)
        (617) 832-7000 (Fax)

B3065079.1