UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | Civil Action No. 05-CV-10983 (NMG) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| STEVEN E. NOTHERN, | ) ) |  |
| Defendant. | ) ) |  |

**U.S. SECURITIES AND EXHANGE COMMISSION'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT
STEVEN E. NOTHERN'S AFFIRMATIVE DEFENSE OF ESTOPPEL**

**I. INTRODUCTION**

The U.S. Securities and Exchange Commission (the "SEC"), brought this enforcement action on May 12, 2005, alleging that on October 31, 2001, the Defendant Steven E. Nothern, a former mutual fund manager at Massachusetts Financial Services Company ("MFS"), violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78j (b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by trading on inside information based on material nonpublic information he received that the United States Department of Treasury (the "Treasury") was going to suspend issuance of the 30-year bond.  The SEC alleges that Nothern received the material nonpublic information at issue from Peter J. Davis, a Washington, D.C.-based consultant MFS hire who procured the information at a Treasury quarterly refunding press

conference, and relayed it to Nothern in violation of his duty to Treasury to maintain the confidentiality of the information for a specified period of time. The SEC further alleges that when Nothern traded on the material nonpublic information that he received from Davis, he knew or should have known that Davis had conveyed the information to him in violation of a duty that Davis owed to Treasury to keep the information confidential.

On July 15, 2005, Nothern filed an Answer to the SEC's Complaint, asserting several affirmative defenses, including, but not limited to, the defenses of estoppel, waiver and laches. On August 11, 2005, after meeting and conferring with the SEC, by letter, Nothern agreed to withdraw his waiver defense, and to limit his laches defense.[1] Northern, however, refused to withdraw his estoppel defense as reflected in his Amended Answer filed August 22, 2005. The SEC now files this Motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure asking this Court to strike Northern's affirmative defense of estoppel, which is clearly without merit. Specifically, the SEC submits that Northern's estoppel defense should be stricken because it presents no substantial questions of law or fact and is insufficient as a matter of law. Further, the SEC will be prejudiced by an increase in time, expense and complexity if forced to litigate concerning this defense during discovery and trial.

---

[1] A copy of the August 11, 2005 letter from defense counsel, John A. Shope, to SEC counsel, John J. Rossetti, Jr. is attached hereto as Exhibit 1 to the Declaration of John Rossetti ("Rossetti Decl."). On Page 1 of the letter Mr. Shope agreed to narrow Nothern's laches defense as follows: "[w]ith respect to the defense of laches, we are not contending that it provides a complete defense to liability, but rather that it may be asserted and considered by the Court as a counter to the equitable remedy being sought by the SEC in this matter."

## II. <u>ARGUMENT</u>

### This Court Should Exercise Its Discretion and Strike
### Nothern's Affirmative Defense Of Estoppel

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See* Fed. R. Civ. P. 12(f). In this regard, a court has broad discretion when considering a motion to strike that it may order insufficient defenses or otherwise immaterial matter stricken from a pleading. *See Mastrocchio v. Unnamed Supervisor Special Invest. Unit*, 152 F.R.D. 439, 440 (D.R.I. 1993) (citing *Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24, 34 (E.D. Pa. 1973)). Although motions to strike defenses are generally not favored, a plaintiff may prevail on such a motion where "it clearly appears that he plaintiff would succeed despite any state of facts which could be proved in support of defense." *FDIC v. Gladstone*, 44 F. Supp. 2d 81, 85 (D. Mass. 1999) (citations and internal quotations omitted). As the following discussion demonstrates, Northern's estoppel defense cannot pass this standard.

"Equitable estoppel is a judicially-devised doctrine which precludes a party to a lawsuit, because of some improper conduct on that party's part, from asserting a claim or a defense, regardless of its substantive validity. Courts invoke the doctrine when 'one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it' acts to his or her detriment." *Phelps v. Federal Emergency Management Agency*, 785 F.2d 13, 17 (1st Cir. 1986) (citing and quoting *Restatement (Second) of Torts* § 894(1) (1977)). The case law establishes that, absent egregious circumstances, the defense of equitable

estoppel generally does not apply against the federal government. *Frillz, Inc. v. Lader*, 104 F.3d 515 , 518 (1st Cir. 1997) (citations omitted).[2] *See also U.S. v. Ven-Fuel, Inc.*, 758 F.2d 741, 761 (1st Cir. 1985) (finding that the "traditional doctrine of equitable estoppel does not apply fully in cases against the government."). As Justice Stevens quite eloquently and succinctly stated in *Heckler v. Community Health Services, Inc.*, 467 U.S. 51 (1984):

> When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant.

*Heckler v. Community Health Services, Inc.*, 467 U.S. at 60; *see also SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988) ("[w]here courts have permitted equitable defenses to be raised against the government, they have required that the agency's conduct be egregious and the resulting prejudice to the defendant rise to a constitutional level"), *aff'd sub nom*, *SEC v. Calvo*, 891 F.2d 457 (2d Cir. 1989), *cert. denied*, 496 U.S. 942 (1990); *SEC v. Hayes*, Fed. Sec. L. Rep. (CCH) ¶ 96,236, 1991 U. S. Dist. LEXIS 19859 (N. D. Tex. 1991) (granting SEC motion to strike where defendants failed to plead egregious circumstances); *United States v. Sands*, 902 F. Supp.

---

[2] Indeed, the Second Circuit has said that the SEC cannot be subject to estoppel at all. In the context of an SEC enforcement action, the Court of Appeals flatly rejected the estoppel defense for the reason that "'the Commission may not waive the requirements of an act of Congress nor may the doctrine of estoppel be invoked against the Commission.'" *SEC v. Culpepper,* 270 F.2d 241, 248 (2d Cir. 1959) (*citing SEC v. Morgan, Lewis & Bockius*, 209 F.2d 44, 49 (3d Cir. 1953)). Other courts have also so held. For example, the court in *SEC v. Blavin*, 557 F. Supp. 1304, 1310 (E. D. Mich. 1983), *aff'd*, 760 F.2d 706 (6th Cir. 1985) (citation omitted), wrote "[t]here is no estoppel against the SEC in enforcement actions. The Government cannot be estopped from bringing an action in the public interest simply because of alleged misconduct by one or more of its agents."

4

1149 (C. D. Cal. 1995) (declining to strike affirmative defense of estoppel where defendant alleged in answer wrongful conduct by the SEC).  In fact, the Supreme Court itself has intimated that estoppel may never be available against the government.  *See Office of Personnel Management v. Richmond*, 496 U. S. 414 (1990) ("In sum, Courts of Appeals have taken our statements as an invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have reversed every finding of estoppel that we have reviewed.").  *See also*, *United States v. Pretty Products, Inc.*, 780 F. Supp 1488 (S. D. Ohio 1991)  (finding that defendant cannot assert equitable defenses against the government when it acts in its sovereign capacity to protect the public health and safety) ; *United States v. Stringfellow,* 661 F. Supp 1053 (C. D. Cal. 1987) (same).

      The First Circuit, in upholding the Supreme Court's general refusal to apply the doctrine of equitable estoppel in cases involving the government has found that "[i]n a complex government with thousands of agencies and departments, and innumerable employees, there is a very real need to protect the Government against binding commitments by improper conduct of its agents, which might promote fraud or collusion." *Phelps v. Federal Emergency Management Agency*, 785 F.2d at 17.  The First Circuit has also suggested that the doctrine of equitable estoppel may only be permissible against the government where government agents engage in "affirmative misconduct." *Id*. at n.3 (citations and internal quotations omitted).

      In this case, Nothern's Answer sets forth no allegations whatsoever that could conceivably be construed as affirmative government misconduct.  In fact, Nothern has not alleged any facts to support his defense that when he purchased and sold the 30-year

bonds at issue he relied on the actions of a governmental entity to his detriment. In his August 11, 2005 letter to the Commission, Rossetti Decl. Exh. 1, counsel for Nothern stated that Nothern's equitable estoppel defense is based on his unfounded belief that Treasury was reckless in its handling of the announcement concerning the suspension of the 30-year bond, and that Treasury should not have allowed Davis access to the information. Even if Nothern's belief was true – which it is not – it is immaterial to the SEC's claims and cannot form the basis of an estoppel defense.

The law is clear that a "party claiming estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse." *Heckler v. Community Health Services*, 104 S. Ct. 2218, 2223 (1984). Nothern is not claiming, and cannot clam, that he was personally involved in any affirmative conduct taken by Treasury with respect to its October 31, 2001 press conference, or that he relied directly on any representations made by Treasury at the press conference, because he did not attend the press conference. Indeed, in his Answer, Northern claims that he "is without knowledge or information sufficient to form a belief as to the truth" of the SEC's allegations regarding the information that was presented by Treasury at the October 31 press conference. *See* Answer at ¶¶ 26, 30, 31. Rather than relying on any affirmative conduct by Treasury or any representations made to him by Treasury, Nothern relied, instead, on material nonpublic information provided to him by his tipper, Davis, when he purchased the 30-year bonds at issue. Whether or not Davis should have been given access to the material nonpublic information that he received from Treasury and provided to Nothern regarding the suspension of the 30-year bond does not shield Nothern from

liability for trading on the information when he knew or should have known that it was confidential, nor does it create an estoppel defense for Nothern.

Moreover, Nothern's adversary in this action is the SEC, not Treasury. Nothern has not set forth any claims that the SEC has engaged in any misconduct that caused him to change his position for the worse. *See e.g., SEC v. Sarivola,* 1996 WL 304371, at *2 (S.D.N.Y. 1996) (granting the SEC's motion to strike the defendants' affirmative defense of estoppel because the defendants there -- as here -- had "offered nothing to suggest there has been any conduct by the Commission on which they relied, let alone changed their position for the worse" nor had they "set forth any circumstances in which the prejudice to their case rises to a Constitutional level.") (citations omitted). *See also*, *Electronics Warehouse, Inc.*, 689 F. Supp. at 73.

Finally, to the extent Nothern may submit to the Court that he should have an opportunity via discovery to see if there is any support for his baseless estoppel defense, that argument should not be countenanced. Rule 11 is very clear in specifying that the allegations and factual contentions in a pleading must have evidentiary support or, at a minimum, be likely to have evidentiary support. The SEC submits that neither requisite can be met in this case where Nothern's estoppel defense is not based on his reliance on any affirmative misconduct by his adversary, but on a claim that Treasury – who Nothern did not have any direct contact with – acted improperly by allowing Davis, Northern's tipper, to attend a press conference and obtain information that Nothern later relied on to purchase securities.[3]

---

[3] The two cases cited by counsel for Nothern in his August 11, 2005 letter to support his claim that he should be allowed to conduct discovery before the Court strikes his estoppel defense are factually and legally distinguishable from this case. In *SEC v. Downe*, 1994

7

The SEC will be prejudiced if Nothern's estoppel defense is permitted to stand. A district court in the First Circuit has found that "[w]eeding out legally insufficient defenses at an early stage of a complicated law suit may be extremely valuable to all concerned 'in order to avoid the needless expenditures of time and money,' in litigating issues which can be foreseen to have no bearing on the outcome." *Mastrocchio v. Unnamed Supervisor Special Invest. Unit*, 152 F.R.D. at 441 (citing and quoting *Narragansett Tribe of Indians v. So. R.I. Land Devel.*, 418 F. Supp. 798 (D.R.I. 1976)). Additionally, "[c]ourts must not be oblivious to the caseload pressures and budgetary restrictions on government enforcement agencies, nor should they be unmindful that the discovery process can be unduly and unnecessarily delayed by counsel seeking to establish [meritless affirmative defenses]." *SEC v. Sarivola,* 1996 U.S. Dist. LEXIS 7720, *1 (S. D. N.Y. 1996). In this case, an early determination to strike Nothern's estoppel defense will result in simplification of the issues and considerable saving of the Court's and the parties' time and resources during the pretrial and trial phases of this case.

---

WL 67826, *2 (S.D.N.Y. Mar. 2, 1994) the defendant's affirmative defenses arose out of their claim that the SEC had abused it powers during its investigation. This is very different from Nothern's estoppel defense here, which does not involve any misconduct on the part of the SEC. In *FDIC v. Gladstone*, 44 F. Supp. 2d 81 (D. Mass. 1999) the Court found that the "[d]efendants' ability to make use of an estoppel defense is a fact intensive question" but that the "Government may not be estopped on the same terms as any other litigant." *Id*. at 90. In this case, even under the factual scenario proposed by Nothern involving speculative reckless behavior on the part of Treasury in allowing Davis access to the October 31, 2001 press conference, Nothern will still be unable to satisfy the requirements to assert an estoppel defense because any affirmative misconduct on the part of Treasury involved, and was relied on by, Davis, not Nothern.

8

## III. <u>CONCLUSION</u>

For all of the foregoing reasons, the SEC respectfully requests that the Court enter an order: (1) pursuant to Fed. R. Civ. P. 12(f), striking Nothern's affirmative defense of estoppel; and (2) granting such other and further relief as this Court may deem just and proper, such as sanctions.

                                        Respectfully Submitted,

                                        __/s/ Erica Y. Williams_____
                                        Erica Y. Williams
                                        John J. Rossetti, Jr.
                                        U.S. Securities and Exchange Commissions
                                        100 F Street, N.E.
                                        Washington, D.C. 20549-4010
                                        Phone:  (202) 551-4450
                                        Fax:     (202) 772-9245
                                        williamse@sec.gov