UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN E. NOTHERN,<br><br>Defendant. | Civil Action No. 05-CV-10983 (NMG) |

### DECLARATION OF JOHN J. ROSSETTI, JR. FILED IN SUPPORT OF THE U.S. SECURITIES AND EXCHANGE COMMISSION'S MOTION TO STRIKE DEFENDANT STEVEN E. NOTHERN'S DEFENSE OF ESTOPPEL

John J. Rossetti, Jr., pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am an attorney for the United States Securities and Exchange Commission (the "Commission"), in the above-referenced matter. I am a member of the Maryland, New York, and District of Columbia bars. Except where otherwise indicated, I make this declaration based upon my own personal knowledge, upon public records and upon the documents related to this action.

2. A true and correct copy of the letter that I received from defense counsel, John A. Shope dated August 11, 2005 is attached hereto as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 24, 2005.

_____
John J. Rossetti, Jr.



**FOLEY HOAG LLP**
ATTORNEYS AT LAW

John A. Shope
Partner
Boston Office
617.832.1233
JShope@foleyhoag.com

August 11, 2005

**Via Facsimile and Via U.S. Mail**

John J. Rossetti, Jr., Esquire
United States Securities and Exchange Commission
100 F Street, N.E.
Mail Stop 8549-D
Washington, D.C. 20549

    Re:    *SEC v. Nothern*, **Civil Action No. 05-10983 (NMG) (D. Mass.)**

Dear Mr. Rossetti:

    Thank you for your call today. As promised, I write to respond to your inquiry about Steven Nothern's assertions of equitable defenses in his Answer to the Complaint and your expressed plan to move to strike those defenses. I first want to thank you for agreeing to take the time to confer on these matters before bringing them to Court's attention. Your case citations and representative brief were helpful. Upon further consideration, we have decided to amend the Answer to withdraw the defense of waiver. However, we do not believe that it would be appropriate to withdraw the defenses of equitable estoppel or laches.

    With respect to the defense of equitable estoppel, the question of whether Mr. Nothern will be ultimately successful in asserting that defense is a fact driven exercise that cannot be decided at the pleadings stage. See e.g., FDIC v. Gladstone, 44 F.Supp. 2d 81, 85, 90 (D. Mass. 1999)(court refused to strike equitable estoppel defense before discovery); and SEC v. Downe, No. 92 Civ 4092 (PKL), 1994 WL 67826, at *2 (S.D.N.Y. Mar. 3, 1994) (SEC's motion to strike equitable defenses denied because "issues would be better addressed in a concrete factual setting"). We believe that discovery will likely reveal that the case at hand arose out of the recklessness of the United States Treasury Department in its handling of the announcement concerning the suspension of the 30-year bond, including the access it gave to Peter Davis. If this is established, we believe the government would be estopped from bringing its claim against Mr. Nothern.

    With respect to the defense of laches, we are not contending that it provides a complete defense to liability, but rather that it may be asserted and considered by the Court as a counter to the equitable remedy being sought by the SEC in this matter. See

John J. Rossetti, Jr., Esq.
August 11, 2005
Page 2

Texaco Puerto Rico, Inc. v. Dept. of Consumer Affairs, 60 F. 3d 867, 879 (1st Cir. 1995); and United States v. Massachusetts Water Resources Authority, 256 F.3d 36, 47-49 (1st Cir. 2001)(holding that a court may use its equitable discretion to not issue an injunction in favor of the federal government if the equities counsel forbearance). The events from which this case arises occurred on October 31, 2001. The SEC commenced its investigation into this matter almost immediately. By December 2001, the SEC had obtained testimony from Mr. Nothern and others. The SEC then filed suit against Peter J. Davis, Jr., John M. Youngdahl and Steven E. Nothern in the Southern District of New York and settled with the Massachusetts Financial Services Company in September 2003. By November 2003, the SEC had agreed to voluntarily dismiss its complaint against Mr. Nothern on jurisdictional grounds. The instant case was not filed until May 11, 2005 more than three and a half years after the events leading to this matter occurred. This delay should plainly be a factor if the Court were ever to consider issuing an injunction of the type requested.

I would be happy to discuss this matter further at your or Erica Williams' convenience.

Sincerely,

John A. Shope

cc: Nicholas C. Theodorou, Esquire
Kevin B. Currid, Esquire

B3082032.1