# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### (Boston Division)

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | Civil Action No. 05-CV-10983 (NMG) |
| Plaintiff, | ) |  |
| v. | ) ) |  |
| STEVEN E. NOTHERN, | ) ) |  |
| Defendant. | ) |  |

## U.S. SECURITIES AND EXCHANGE COMMISSION'S STATUS REPORT REGARDING THE PRODUCTION OF DOCUMENTS FROM OTHER GOVERNMENT DEPARTMENTS AND AGENCIES

On June 14, 2006, the Court held a hearing on the defendant's motion to compel production of documents from various federal departments and agencies. The Court asked the parties if they would be able to resolve this matter without it ruling on the defendant's motion. In response to the Court's inquiry, the Securities and Exchange Commission ("SEC") agreed to present the defendant's request for documents to the three federal departments and agencies designated by the defendant. The Court ordered the SEC to provide the Court with a report describing the status of the responses to the SEC's requests by July 31, 2006.

On June 22, 2006, the defendant submitted to the SEC his request for certain documents from the Treasury Department ("Treasury"), the Department of Justice ("DOJ"), and the Commodities Futures Trading Commission ("CFTC"). A copy of the defendant's request is attached hereto as Exhibit A. On June 30, 2006, the SEC submitted the requests to Treasury, DOJ, and the CFTC. Copies of the SEC's requests are attached hereto as Exhibit B. The following is the status of the responses the SEC has received.

**PRODUCTION FROM TREASURY**

On July 28, 2006, Thomas McGivern, a Treasury Assistant General Counsel, notified counsel for the SEC that Treasury expects to begin producing documents during the week of July 31, 2006, and will continue producing documents on a rolling basis.

Mr. McGivern explained that Treasury's locating and producing documents responsive to the request has been difficult and time consuming. He also advised the SEC's counsel that Treasury will not produce e-mails prior to late 2000 or early 2001, when Treasury changed to Outlook as its e-mail system, because of the burdensome cost of producing such documents. Although Treasury has tapes containing e-mails before late 2000 or early 2001 it no longer has the hardware to read those tapes. The cost to obtain such hardware exceeds $250,000.

Treasury expects that it will be able to produce e-mails post-dating its utilization of the Outlook e-mail system, but expects that searching for e-mails responsive to the SEC's request will be a time consuming process. In the ongoing Indian tribe trust fund litigation Treasury has been under court order to preserve all documents. As a result, Treasury has an enormous volume of emails to sort through to find documents responsive to the SEC's request. This large volume of emails will likely adversely affect Treasury's ability to promptly produce all of the responsive emails.

On or about, June 14, 2006, Treasury provided the defendant with a small production of documents in response to defendant's FOIA request. Defendant's FOIA requests to Treasury were largely duplicative of his June 22, 2006 requests to the SEC. To date, Mr. McGivern has been unable to provide the SEC with a date by which he expects the Treasury to produce all additional documents responsive to the SEC's June 30, 2006 request for production of documents.

**PRODUCTION FROM DOJ**

On July 27, 2006, Assistant United States Attorney Brian Coad responded to the SEC's June 30, 2006 request for production of documents by explaining that it received "a large portion of its documentation relating to this matter, by virtue of an access request, from the SEC." Mr. Coad further explained that to the extent DOJ obtained materials pursuant to federal grand jury subpoenas during the course of its criminal investigation, disclosure of such materials is prohibited by Rule 6(e) of the Federal Rules of Criminal Procedure. A copy of Mr. Coad's letter is attached hereto as Exhibit C.

The SEC has already produced to the defendant all non-privileged materials that it provided to the DOJ pursuant to its access request.

**PRODUCTION FROM THE CFTC**

On or about July 19, 2006, the CFTC contacted counsel for the SEC requesting clarification of certain requests contained in the SEC's letter dated June 30, 2006. The SEC's counsel promptly contacted defense counsel and asked their clarification of the request. On July 26 and July 28, 2006, the SEC's counsel contacted the CFTC, and provided it with defense counsel's clarifications. The CFTC has indicated that it will produce documents that are responsive to the requests. The SEC expects to receive a time frame for that production by August 7, 2006.

3

Dated:  July 31, 2006                    Respectfully Submitted,

                                           /s/ Erica Y. Williams_____
                                         Erica Y. Williams
                                         John J. Rossetti, Jr.
                                         U.S. Securities and Exchange Commissions
                                         100 F Street, N.E.
                                         Washington, D.C. 20549-4010
                                         Phone:  (202) 551-4450
                                         Fax:      (202) 772-9245
                                         williamse@sec.gov

# EXHIBIT A

# FOLEY
# HOAG LLP
ATTORNEYS AT LAW

John A. Shope
Partner
Boston Office
617.832.1233
jshope@foleyhoag.com

June 22, 2006

**BY TELECOPIER (202-772-9245) AND FIRST-CLASS MAIL**

Erica Y. Williams, Esquire
U.S. Securities and Exchange Commission
100 F Street, N.E., Mail Stop 4010
Washington, D. C.  20549-4010

    Re:    ***United States Securities and Exchange Commission v. Nothern,*** **Civil**
           **Action No. 05-10983 (NMG)(D. Mass.)**

Dear Erica:

      Pursuant to the agreement at the motion hearing before Magistrate Judge Sorokin on June 14, 2006, I am writing to provide the Securities and Exchange Commission with a list of more narrowly tailored requests for the production of documents held by the United States Department of the Treasury, the United States Department of Justice, and the Commodity Futures Trading Commission (CFTC).

**Treasury Department**

      (a)  All documents concerning Treasury's admission of Peter Davis to quarterly refunding conferences from January 1, 1994 through October 31, 2001.  In particular, we request logs or other documents recording or reflecting Davis's admission to the conferences.

      (b)  All correspondence, including e-mails and letters, between Peter Davis and any official or employee at Treasury, including but not limited to Peter Fisher, Brian Roseboro, Roger Anderson, Jill Ouseley, Paul Malvey, and Lula Tyler, concerning attendance at Treasury refunding conferences and/or any rule of confidentiality or "embargo" pertaining thereto.

      (c)  All appointment logs, daily calendars, or other documents showing meetings between Peter Davis and any official or employee at Treasury, including but not limited to Peter Fisher, Brian Roseboro, Roger Anderson, Jill Ouseley, Paul Malvey, and Lula Tyler.

Erica Y. Williams, Esquire
June 22, 2006
Page 2

     (d)  All agreements or other documents signed by Peter Davis concerning confidentiality of information received from Treasury or compliance with press embargoes.

     (e)  All agreements involving the confidentiality of information, embargoes, or access to Treasury meetings and conferences that were used, signed, or approved by Roger Anderson.

     (f)  All standard agreements, forms, or other documents concerning the confidentiality of information used by Treasury from January 1, 1994 to December 31, 2001.

     (g)  All documents concerning the use of press embargoes at Treasury from January 1, 1994 to present.

     (h)  All documents concerning any changes to Treasury's policies, procedures, or practices relating to the release of information subject to embargo that were made prior to the quarterly refunding press conference on October 31, 2001, including the change in distribution of weekly refunding announcements referenced in the deposition testimony of Roger Anderson in this case.

     (i)  All documents concerning changes to Treasury's policies, procedures, or practices relating to the release of information that were made subsequent and/or in response to the quarterly refunding press conference on October 31, 2001.  This includes, in particular, the changes noted in the report of the Office of the Inspector General dated January 2002.

     (j)  All documents concerning the accuracy of the clock on Treasury's computer system and web server during October 2001.

     (k)  All documents concerning violations of embargoes at Treasury from 1990 to the present, including any disciplinary, administrative, or legal actions taken in response to such violations.  This includes the incident to which Roger Anderson testified concerning the early release of weekly refunding data.

     (l)  All documents concerning the assertedly premature posting of remarks by Deputy Treasury Secretary Kenneth Dam on Treasury's web site on October 22, 2001, and any subsequent investigations conducted or actions taken at Treasury in response thereto.

     (m)  All documents concerning any reports, investigations, or responses by Treasury to the disclosure by Brian Collins of information concerning the suspension of the 30-year note to the Federal National Mortgage Association on October 31, 2001.

Erica Y. Williams, Esquire
June 22, 2006
Page 3

(n)  All documents concerning Treasury's Office of Inspector General's Investigation number 2002-0104.

(o)  Documents sufficient to disclose Treasury's document retention policies, procedures, or practices from January 1, 1994 to the present.

(p)  All communications before 10:00 a.m. on October 31, 2001 between Treasury and other federal agencies or departments concerning the decision or proposed decision to suspend issuance of the 30-year bond.

(q)  All communications with any other agency of the federal government concerning the disclosure on October 31, 2001 of the suspension of issuance of the 30-year bond.

(r)  All minutes of the Borrowing Advisory Committee in 2001 concerning proposed suspension of the 30-year bond.

**Justice Department**

(a)  All documents concerning the disclosure on October 31, 2001 of the issuance of the 30-year bond.

(b)  All documents concerning the investigations conducted by the United States Attorneys' Offices, Department of Justice, and Grand Juries leading up to and resulting in the indictment or information in the criminal actions captioned as United States v. Peter Davis, Criminal Action No. 03-1054 (S.D.N.Y.), and United States v. John Youngdahl, Criminal Action No. 03-0991 (S.D.N.Y.), including but not limited to:

(i)  all documents identifying all persons interviewed or otherwise questioned in connection with its investigations;

(ii)  all notes, audiotapes, videotapes, transcripts, or other documentation of such interviews or questioning;

(iii)  all communications concerning the subject matter of the investigations with any other agency of the federal government;

(iv)  all documents concerning Steven Nothern, Peter Davis, Peter Fisher, John Cadogan, David Kennedy, Geoffrey Kurinsky, D. Richard Smith, Paul Malvey, Jill Ouseley, Roger Anderson, or Lula Tyler;

(v)  all documents concerning Massachusetts Financial Services Company ("MFS"), including all financial statements, balance sheets, documents

Erica Y. Williams, Esquire
June 22, 2006
Page 4

indicating MFS's compliance function, trading policies and/or procedures, and all communications with MFS or its counsel;

(vi)  all documents concerning MFS trades in the 30-year bond on October 31, 2001, including all financial statements, balance sheets, trade tickets, records of trades made through Merrill Lynch, or communications concerning such trades; and

(vii)  all documents concerning Merrill Lynch, including all financial statements, balance sheets, documents indicating Merrill Lynch's compliance function, trading policies and/or procedures, and all communications with Merrill Lynch or its counsel.

## CFTC

(a)  All documents concerning trading in Treasury securities on October 31, 2001, including trades in the 30-year bond and the times at which such trades were executed.

(b)  All documents identifying trades in the 30-year bond or derivatives thereof made by Merrill Lynch on October 31, 2001.

(c)  All communications with any other agency of the federal government concerning the disclosure of information relating to the 30-year bond on October 31, 2001.

(d)  All documents concerning the use of embargoes at government agencies, including but not limited to the document entitled *A Study of the Nature, Extent and Effects of Futures Trading by Persons Possessing Material, Nonpublic Information* (1984).

*          *          *

Please supply me with copies of any correspondence relaying or responding to these requests.

Sincerely,

John A. Shope

cc:    John J. Rossetti Jr., Esquire (by telecopier (202-772-9237) and first-class mail)
Nicholas C. Theodorou, Esquire

Erica Y. Williams, Esquire
June 22, 2006
Page 5


Kevin B. Currid, Esquire
Robert E. Toone, Esquire

# EXHIBIT B



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4010

DIVISION OF
ENFORCEMENT

Erica Y. Williams
Assistant Chief Litigation Counsel
Telephone: (202) 551-4450
Facsimile: (202) 772-9245
Williamse@sec.gov

June 30, 2006

*By Federal Express*

Thomas McGivern, Esq.
Assistant General Counsel for Legislation and Litigation
Department of the Treasury
Room 2019
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

      Re:    *Securities and Exchange Commission v. Steven E. Nothern,* Case No. 05-10983 (NMG)

Dear Mr. McGivern:

      I am writing pursuant to the requirements of 31 C.F.R. §§ 1.8-1.12 to respectfully request assistance from the Department of Treasury ("Treasury") in obtaining documents within Treasury's possession, custody and control. The U.S. Securities and Exchange Commission ("SEC") brought the civil enforcement action *Securities and Exchange Commission v. Steven E. Nothern,* Case No. 05-10983 (NMG) on May 12, 2005, alleging that on October 31, 2001 defendant Steven E. Nothern violated the federal securities laws by engaging in insider trading based on material nonpublic information he received that Treasury was going to cancel the 30-year bond. The parties to the above-references matter are currently involved in discovery, and seek to collect documents from Treasury relating to the events surrounding Treasury's announcement of the cancellation of the 30-year bond on or about October 31, 2001. Attachment A, enclosed herewith, includes a list of the categories of documents that the parties are seeking from Treasury. As these documents are of interest to both parties to this action, the SEC intends to share any documents produced to the SEC in response to these requests with counsel for the defendant, Mr. Nothern.

      In its complaint against Mr. Nothern, the SEC alleges that Mr. Nothern received a tip from an individual who attended Treasury's October 31, 2001 quarterly refunding conferences that Treasury was going to cancel issuance of the 30-year bond while the information was embargoed and before the information became nonpublic. Information related to such issues as: Treasury's quarterly refunding conferences, including, but not limited to, the October 31, 2001 conference;

Thomas McGivern, Esq.
June 30, 2006
Page 2

Treasury's decision to cancel the thirty-year bond, and the individuals who were involved in, or had knowledge of, that decision prior to the announcement of the bond cancellation; the timing and manner in which the information regarding the cancellation of the thirty-year bond became non-public; and Treasury's investigation related to the announcement of the cancellation of the thirty-year bond, are of interest to one or both of the parties to the above-referenced action, and may lead to the discovery of admissible evidence in the trial of that action.

While the SEC and Mr. Nothern have obtained some documents from Treasury that were produced to the SEC during its pre-lawsuit investigation, there may be additional responsive documents that have not yet been produced, that are material and that cannot be obtained from any other source. Accordingly, the SEC respectfully requests that Treasury provide responses to the requests included on Attachment A to afford both the SEC and the defendant access to information sought in these requests so that they can fully prepare for trial. Because the discovery cutoff in the above-referenced matter is September 15, 2006, the SEC would appreciate receiving responses to the enclosed requests by August 4, 2006 if possible. In addition, if Treasury has any documents that are responsive to the categories on Attachment A, but which the Treasury is withholding from production on the basis of privilege, the SEC respectfully requests that it produce a privilege log which identifies each document being withheld by: (i) stating the type of document; (ii) stating the general subject matter of the document; (iii) setting forth the date of the document; (iv) identifying the author(s), signer(s), addressee(s) and all known, indicated and intended recipients of copies of the document; and (v) setting forth the title, heading or other designation, numerical or otherwise, of the document.

Thank you in advance for your assistance and cooperation. Should you have any questions, or need any additional information, please do not hesitate to call.

Sincerely,

Erica Y. Williams

Enclosures

cc:    John J. Rossetti, Jr., Esq.
       Nicholas Theodorou, Esq. (via facsimile)
       John A. Shope, Esq. (via facsimile and first class mail)

**ATTACHMENT A**
**DOCUMENT REQUESTS TO THE DEPARTMENT OF TREASURY**

(a) All documents concerning Treasury's admission of Peter Davis to quarterly refunding conferences from January 1, 1994 through October 31, 2001. In particular, logs or other documents recording or reflecting Davis's admission to the conferences.

(b) All correspondence, including a-mails and letters, between Peter Davis and any official or employee at Treasury, including but not limited to Peter Fisher, Brian Roseboro, Roger Anderson, Jill Ouseley, Paul Malvey, and Lula Tyler, concerning attendance at Treasury refunding conferences and/or any rule of confidentiality or "embargo" pertaining thereto.

(c) All appointment logs, daily calendars, or other documents showing meetings between Peter Davis and any official or employee at Treasury, including but not limited to Peter Fisher, Brian Roseboro, Roger Anderson, Jill Ouseley, Paul Malvey, and Lula Tyler.

(d) All agreements or other documents signed by Peter Davis concerning confidentiality of information received from Treasury or compliance with press embargoes.

(e) All agreements involving the confidentiality of information, embargoes, or access to Treasury meetings and conferences that were used, signed, or approved by Roger Anderson.

(f) All standard agreements, forms, or other documents concerning the confidentiality of information used by Treasury from January 1, 1994 to December 31, 2001.

(g) All documents concerning the use of press embargoes at Treasury from January 1, 1994 to present.

(h) All documents concerning any changes to Treasury's policies, procedures, or practices relating to the release of information subject to embargo that were made prior to the quarterly refunding press conference on October 31, 2001, including the change in distribution of weekly refunding announcements referenced in the deposition testimony of Roger Anderson in this case.

(i) All documents concerning changes to Treasury's policies, procedures, or practices relating to the release of information that were made subsequent and/or in response to the quarterly refunding press conference on October 31, 2001. This includes, in particular, the changes noted in the report of the Office of the Inspector General dated January 2002.

(j) All documents concerning the accuracy of the clock on Treasury's computer system and web server during October 2001.

(k) All documents concerning violations of embargoes at Treasury from 1990 to the

present, including any disciplinary, administrative, or legal actions taken in response to such violations. This includes the incident to which Roger Anderson testified in his deposition in this case concerning the early release of weekly refunding data.

(1) All documents concerning the assertedly premature posting of remarks by Deputy Treasury Secretary Kenneth Dam on Treasury's web site on October 22, 2001, and any subsequent investigations conducted or actions taken at Treasury in response thereto.

(m) All documents concerning any reports, investigations, or responses by Treasury to the disclosure by Brian Collins of information concerning the suspension of the 30-year note to the Federal National Mortgage Association on October 31, 2001.

(n) All documents concerning Treasury's Office of Inspector General's Investigation number 2002-0104.

(o) Documents sufficient to disclose Treasury's document retention policies, procedures, or practices from January 1, 1994 to the present.

(p) All communications before 10:00 a.m. on October 31, 2001 between Treasury and other federal agencies or departments concerning the decision or proposed decision to suspend issuance of the 30-year bond.

(q) All communications with any other agency of the federal government concerning the disclosure on October 31, 2001 of the suspension of issuance of the 30-year bond.

(r) All minutes of the Borrowing Advisory Committee in 2001 concerning proposed suspension of the 30-year bond.

(s) All bylaws of the Borrowing Advisory Committee that relate to the issue of confidentiality of information.



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4010

DIVISION OF
ENFORCEMENT

Erica Y. Williams
Assistant Chief Litigation Counsel
Telephone: (202) 551-4450
Facsimile: (202) 772-9245
Williamse@sec.gov

June 30, 2006

*By Federal Express*

Brian D. Coad, Esq.
Assistant United States Attorney
United States Attorney's Office
One St. Andrew's Plaza
New York, New York 10007

      Re:    *Securities and Exchange Commission v. Steven E. Nothern,* Case No. 05-10983 (NMG)

Dear Mr. Coad:

      I am writing to respectfully request assistance from the United Sates Department of Justice ("Department of Justice") in obtaining documents within Justice's possession, custody and control. The U.S. Securities and Exchange Commission ("SEC") brought the civil enforcement action *Securities and Exchange Commission v. Steven E. Nothern,* Case No. 05-10983 (NMG) on May 12, 2005, alleging that on October 31, 2001 defendant Steven E. Nothern violated the federal securities laws by engaging in insider trading based on material nonpublic information he received that Treasury was going to cancel the 30-year bond. In its complaint against Mr. Nothern, the SEC alleges that Mr. Nothern received a tip from Peter Davis, a Washington-based consultant who attended Treasury's October 31, 2001 quarterly refunding conferences that Treasury was going to cancel issuance of the 30-year bond while the information was embargoed and before the information became nonpublic. As you are aware, Mr. Davis was criminally prosecuted by your office in *Unites States v. Peter Davis,* Criminal Action No. 03-1054 (S.D.N.Y.). The parties to the above-reference matter are currently involved in discovery and seek to collect documents relating to the events surrounding Treasury's announcement of the cancellation of the 30-year bond on or about October 31, 2001, the criminal action against Mr. Davis, and the criminal action against John Youngdahl, which was also prosecuted by your office. Attachment A, enclosed herewith, includes a list of the categories of documents that the parties are seeking from the Department of Justice. As these documents are of interest to both parties to this action, the SEC intends to share any documents produced to the SEC in response to these requests with counsel for the defendant, Mr. Nothern.

Brian D. Coad, Esq.
June 30, 2006
Page 2


        While the SEC and Mr. Nothern have obtained some documents from the Department of
Justice that were produced to the SEC during its pre-lawsuit investigation, there may be additional
responsive documents that have not yet been produced that are material, and that cannot be
obtained from any other source.  Accordingly, the SEC respectfully requests that the Department of
Justice provide responses to the requests included on Attachment A to afford both the SEC and the
defendant access to information sought in these requests so that they can fully prepare for trial.
Because the discovery cutoff in the above-referenced matter is September 15, 2006, the SEC would
appreciate receiving responses to the enclosed requests by August 4, 2006, if possible. In addition,
if the Department of Justice has any documents responsive to the categories on Attachment A that
it is withholding on the basis of privilege, the SEC respectfully requests that it produce a privilege
log which identifies each document being withheld by:  (i) stating the type of document; (ii) stating
the general subject matter of the document; (iii) setting forth the date of the document; (iv)
identifying the author(s), signer(s), addressee(s) and all known, indicated and intended recipients of
copies of the document; and (v) setting forth the title, heading or other designation, numerical or
otherwise, of the document.


        Thank you in advance for your assistance and cooperation. Should you have any questions,
or need any additional information, please do not hesitate to call.


                                    Sincerely,

                                    *[signature]* Erica Y. William

                                    Erica Y. Williams


Enclosures

cc:     John J. Rossetti, Jr., Esq.
        Nicholas Theodorou, Esq. (via facsimile)
        John A. Shope, Esq. (via facsimile and first class mail)

## ATTACHMENT A
## DOCUMENT REQUESTS TO THE DEPARTMENT OF JUSTICE

(a) All documents concerning the disclosure on October 31, 2001 of the issuance of the 30-year bond.

(b) All documents concerning the investigations conducted by the United States Attorneys' Offices, Department of Justice, and Grand Juries leading up to and resulting in the indictment or information in the criminal actions captioned as United States v. Peter Davis, Criminal Action No. 03-1054 (S.D.N.Y.), and United States v. John Youngdahl, Criminal Action No. 03-0991 (S.D.N.Y.), including but not limited to:

(i) all documents identifying all persons interviewed or otherwise questioned in connection with its investigations;

(ii) all notes, audiotapes, videotapes, transcripts, or other documentation of such interviews or questioning;

(iii) all communications concerning the subject matter of the investigations with any other agency of the federal government;

(iv) all documents concerning Steven Nothern, Peter Davis, Peter Fisher, John Cadogan, David Kennedy, Geoffrey Kurinsky, D. Richard Smith, Paul Malvey, Jill Ousley, Roger Anderson, or Lula Tyler;

(v) all documents concerning Massachusetts Financial Services Company ("MFS"), Including all financial statements, balance sheets, documents indicating MFS's compliance function, trading policies and/or procedures, and all communications with MFS or its counsel;

(vi) all documents concerning MFS trades in the 30-year bond on October 31, 2001, including all financial statements, balance sheets, trade tickets, records of trades made through Merrill Lynch, or communications concerning such trades; and

(vii) all documents concerning Merrill Lynch, including all financial statements, balance sheets, documents indicating Merrill Lynch's compliance function, trading policies and/or procedures, and all communications with Merrill Lynch or its counsel.



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4010

DIVISION OF
ENFORCEMENT

Erica Y. Williams
Assistant Chief Litigation Counsel
Telephone: (202) 551-4450
Facsimile: (202) 772-9245
Williamse@sec.gov

June 30, 2006

_By Federal Express_

Nanette R. Everson, Esq.
General Counsel
Commodity Futures Trading Commission
Three Lafayette Centre
1155 Twenty-First Street, N.W.
Washington, D.C. 20581

     Re:    *Securities and Exchange Commission v. Steven E. Nothern*, Case No. 05-10983 (NMG)

Dear Ms. Everson:

     I am writing to respectfully request assistance from the Commodity Futures Trading Commission ("CFTC) in obtaining documents within the CFTC's possession, custody and control. The U.S. Securities and Exchange Commission ("SEC") brought the civil enforcement action *Securities and Exchange Commission v. Steven E. Nothern*, Case No. 05-10983 (NMG) on May 12, 2005, alleging that on October 31, 2001 defendant Steven E. Nothern violated the federal securities laws by engaging in insider trading based on material nonpublic information he received that Treasury was going to cancel the 30-year bond. In its complaint against Mr. Nothern, the SEC alleges that Mr. Nothern received a tip from an individual who attended Treasury's October 31, 2001 quarterly refunding conferences that Treasury was going to cancel issuance of the 30-year bond while the information was embargoed and before the information became nonpublic. The parties to the above-reference matter are currently involved in discovery and seek to collect documents relating to the events surrounding Treasury's announcement of the cancellation of the 30-year bond on or about October 31, 2001 and trading in the 30-year bond that took place on October 31, 2001. Attachment A, enclosed herewith, includes a list of the categories of documents that the parties are seeking from the CFTC. As these documents are of interest to both parties to this action, the SEC intends to share any documents produced to the SEC in response to these requests with counsel for the defendant, Mr. Nothern.

Nanette R. Everson, Esq.
June 30, 2006
Page 2

        While the SEC and Mr. Nothern have obtained some documents from the CFTC that were
produced to the SEC during its pre-lawsuit investigation, there may be additional responsive
documents that have not yet been produced that are material, and that cannot be obtained from any
other source.  Accordingly, the SEC respectfully requests that the CFTC provide responses to the
requests included on Attachment A to afford both the SEC and the defendant access to information
sought in these requests so that they can fully prepare for trial.  Because the discovery cutoff in the
above-referenced matter is September 15, 2006, the SEC would appreciate receiving responses to
the enclosed requests by August 4, 2006, if possible. In addition, if the CFTC has any documents
that are responsive to the categories on Attachment A, but which the CFTC is withholding from
production on the basis of privilege, the SEC respectfully requests that it produce a privilege log
which identifies each document being withheld by:  (i) stating the type of document; (ii) stating the
general subject matter of the document; (iii) setting forth the date of the document; (iv) identifying
the author(s), signer(s), addressee(s) and all known, indicated and intended recipients of copies of
the document; and (v) setting forth the title, heading or other designation, numerical or otherwise,
of the document.

        Thank you in advance for your assistance and cooperation. Should you have any questions,
or need any additional information, please do not hesitate to call.

                                        Sincerely,

                                        *Erica Y. Williams*

                                        Erica Y. Williams

Enclosures

cc:     John J. Rossetti, Jr., Esq.
        Kirk Manhardt, Deputy General Counsel CFTC
        Nicholas Theodorou, Esq. (via facsimile)
        John A. Shope, Esq. (via facsimile and first class mail)

**ATTACHMENT A**
**DOCUMENT REQUESTS TO THE COMMODITY FUTURES TRADING**
**COMMISSION**

(a) All documents concerning trading in Treasury securities on October 31, 2001, including trades in the 30-year bond and, the times at which such trades were executed.

(b) All documents identifying trades in the 30-year bond or derivatives thereof made by Merrill Lynch on October 31, 2001.

(c) All communications with any other agency of the federal government concerning the disclosure of information relating to the 30-year bond on October 31, 2001.

(d) All documents concerning the use of embargoes at government agencies, including but not limited to the document entitled *A Study of the Nature, Extent and Effects of Futures Trading by Persons Possessing Material, Nonpublic Information* (1984).

# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

_____

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*
July 27, 2006

Erica Y. Williams, Esq.
United States Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4010

     Re:   **SEC v. Steven E. Nothern**
              O5-10983 (NMG)

Dear Ms. Williams:

       This letter is in response to your letter dated June 30, 2006. Your letter requests, in connection with the above-referenced civil case brought by the United States Securities and Exchange Commission ("SEC"), that the United States Attorney's Office for the Southern District of New York provide to the SEC and defendant in that case, all documents obtained by this Office in connection with its investigation relating to the unauthorized dissemination of certain information concerning the United States Treasury Department's announcement of the suspension of the 30-year bond on October 31, 2001.

       As you are no doubt aware, this Office obtained a large portion of its documentation relating to this matter, by virtue of an access request, from the SEC. It was my understanding that the SEC had obtained these documents from relevant third parties. Accordingly, in that respect, I would respectfully point out that the SEC is in possession of that which it requests from this Office.

       To the extent that this Office has other materials relating to the Treasury Department's announcement on October 31, 2001, those materials were obtained pursuant to federal grand jury subpoenas and in the course of a criminal investigation. As such, any disclosure by this Office, under the facts and circumstances your letter presents, is prohibited by Rule 6(e) of the Federal Rules of Criminal Procedure.

                    Very truly yours,

                    MICHAEL J. GARCIA
                    United States Attorney
                    Southern District of New York

Erica Y. Williams, Esq.
July 27, 2006

By: _____

Brian D. Coad
Assistant United States Attorney
(212) 637-2216

cc:    John J. Rossetti, Jr., Esq.

2