UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | Civil Action No. 05-CV-10983 (NMG) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| STEVEN E. NOTHERN, | ) ) | |
| Defendant. | ) | |

JOINT STATUS REPORT
REGARDING THE PRODUCTION OF DOCUMENTS FROM OTHER GOVERNMENT
DEPARTMENTS AND AGENCIES

The parties submit this joint status report pursuant to the Court's Order of September 13, 2006.

I.   BACKGROUND

On June 14, 2006, the Court (Sorokin, M. J.) held a hearing on defendant Steven E. Nothern's motion to compel production of documents from various federal departments and agencies. The Court asked the parties if they would be willing to attempt to resolve Mr. Nothern's request for documents from other government agencies without Court intervention. In response to the Court's inquiry, the Securities and Exchange Commission ("SEC") agreed to present Mr. Nothern's requests for documents to Treasury Department ("Treasury"), the Department of Justice ("DOJ"), and the Commodities Futures Trading Commission ("CFTC"). On June 22, 2006, Mr. Nothern submitted his document requests to the SEC. On June 30, 2006, the SEC forwarded Mr. Nothern's document requests to Treasury, DOJ, and the CFTC with cover letters asking the agencies to voluntarily produce the documents to the SEC and Nothern.

On July 31, 2006, the SEC filed a status report advising the Court of the responses that it had received from its June 30, 2006 letters to Treasury, DOJ and the CFTC.  On August 10, 2006, the Court granted the parties' motion for an extension of the discovery schedule.  On September 8, 2006, the parties filed a joint report on the status of the document productions.  On September 13, 2006, the Court ordered the parties to file another joint status report "either requesting the court to resolve the motion to compel or requesting additional time for the voluntary productions."

## II.   STATUS OF RESPONSES FROM OTHER GOVERNMENT AGENCIES

### A.   Production from Treasury

On July 28, 2006, Treasury counsel, Thomas McGivern, notified counsel for the SEC that Treasury would produce documents on a rolling basis.  Mr. McGivern noted that Treasury would not be producing documents that it had already provided to the SEC, including documents produced by Treasury on June 14, 2006 in response to Mr. Nothern's FOIA request.

On August 3, 2006, Treasury produced 72 pages of documents consisting mainly minutes of Borrowing Advisory Committee meetings and excerpts from the Federal Register.

On August 31, 2006, Treasury produced 89 pages of documents consisting of e-mails dated October 2001 to January 2002.

On September 6, 2006, Treasury produced 28 pages of documents consisting of e-mails and memoranda.

On September 8, 2006, Treasury produced 23 pages of e-mails, and on September 28, 2006, Treasury produced 48 pages of e-mails.  Many of these e-mails are redacted.  In cover letters accompanying both productions, Treasury counsel McGivern wrote that "redactions have been made to protect privileged information."  The letters also stated that "[a]ll segregable non-

privilege information has been released. We will produce the privilege log when all privileged documents have been produced."

On September 19, 2006, counsel for Nothern sent a letter informing Mr. McGivern that the Court had ordered the parties to file a status report, requesting "detailed information regarding your plans for future productions, including a date certain by which you believe your production will be completed," and asking Treasury to explain the basis for its redaction of certain documents. This letter is attached as Exhibit A.

On October 2, 2006, Mr. McGivern responded with a letter stating that Treasury continues "to work to ensure that all responsive Treasury documents are located," continues to review e-mails by former Treasury employees, and continues to discuss with the U.S. Secret Service and others "whether other potentially responsive documents may exist." He stated that Treasury will produce "a privilege log when all privileged documents are produced," but did not identify the basis for Treasury's assertion of privilege. Mr. McGivern also stated that Treasury will continue to work on its response "in a timely and accurate manner," but did not provide a date certain by which its production will be completed. Mr. McGivern's letter is attached as Exhibit B.

B. **Production from DOJ**

On July 27, 2006, Assistant United States Attorney, Brian Coad, responded to the SEC's June 30, 2006 request for production of documents by stating that it received "a large portion of its documentation relating to this matter, by virtue of an access request, from the SEC." He further stated that "[t]o the extent that this Office has other materials relating to the Treasury Department's announcement on October 31, 2001, those materials were obtained pursuant to federal grand jury subpoenas and in the course of a criminal investigation," and "[a]s such, any disclosure by this Office, under the facts and circumstances your letter presents, is prohibited by

3

Rule 6(e) of the Federal Rules of Criminal Procedure." The parties do not anticipate any further response from DOJ concerning the SEC's June 30, 2006 request.

### C.     Production from CFTC

On or about July 19, 2006, counsel for CFTC contacted counsel for the SEC requesting clarification of certain requests contained in the SEC's letter dated June 30, 2006. The SEC's counsel promptly contacted Nothern's counsel seeking clarification of Nothern's requests. On July 26 and July 28, 2006, the SEC's counsel provided CFTC with Nothern's clarified requests.

On August 10, 2006, the SEC and Nothern participated in a conference call with counsel and representatives from CFTC in which counsel for CFTC sought and received further clarification directly from Nothern's counsel regarding the documents sought by Nothern's requests. On August 24, 2006, CFTC produced to Nothern some of the requested documents. On September 29, 2006, CFTC told Nothern's counsel that it is still searching for communications between itself and other federal agencies concerning disclosure of information relating to the 30-year bond.

### III. LIKELIHOOD OF A RENEWED MOTION TO COMPEL

As set forth above, Treasury and CFTC are still in the process of responding to the document requests. The parties respectfully propose that they make a final status report regarding this matter in three weeks, on Monday, October 23, 2006, and that Mr. Nothern renew any request for relief by the Court by the following Monday, October 30, 2006.

Dated: October 2, 2006

FOR THE PLAINTIFF:
/s/ Erica Y. Williams
Erica Y. Williams
John J. Rossetti, Jr.
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549-4010
Phone:  (202) 551-4450
Fax:     (202) 772-9245
williamse@sec.gov

FOR THE DEFENDANT:
/s/ Robert E. Toone
Nicholas C. Theodorou (BBO # 495730)
John A. Shope (BBO # 562056)
Robert E. Toone (BBO # 663249)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
Phone:  (617) 832-1000
Fax:     (617) 832-7000
rtoone@foleyhoag.com

# EXHIBIT A

**Letter from John Shope, Foley Hoag LLP, to Thomas McGivern, Office of the General Counsel, Department of the Treasury (Sept. 19, 2006)**



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

John A. Shope
Partner
Boston Office
617.832.1233
jshope@foleyhoag.com

September 19, 2006

**BY TELECOPIER (202-622-2961) AND FIRST-CLASS MAIL**

Thomas McGivern, Esquire
Office of the General Counsel
Department of the Treasury
Room 20191500 Pennsylvania Avenue, N.W.
Washington, D. C. 20220

    Re:   *United States Securities and Exchange Commission v. Nothern,*
            *Civil Action No. 05-10983 (NMG) (D. Mass.)*

Dear Tom:

    As you know, on June 14, 2006, the Court decided that it would withhold ruling on my client's motion to compel based on the parties' agreement to submit the relevant document requests to the Treasury Department and other government agencies. Accordingly, the SEC submitted a list of document requests to Treasury on June 30, 2006. On July 28, 2006, you notified counsel for the SEC that Treasury would produce documents on a "rolling basis." You produced 72 pages of documents on August 3rd; 89 pages on August 31st; 28 pages on September 6th; and 23 pages on September 8th. In your last production, you informed Ms. Williams that "[w]e anticipate producing documents next week as well," but we did not receive any documents last week.

    The Court has repeatedly directed the parties to report on the progress of Treasury's production. It directed the SEC to file a status report on July 31, 2006, advising it of the responses it had received. It again directed the parties to file a joint status report on September 8th, and thereafter directed the parties to file by October 2nd "a joint report either requesting the court to resolve the motion to compel or requesting additional time for the voluntary productions."

    In the parties' most recent submission to the Court before the latest order, we jointly reported that "Treasury's counsel has declined to estimate when Treasury's production will be complete, but has represented to the parties that locating and producing responsive document, especially emails, has been difficult and time consuming." It is clear, however, that the Court wants a more specific and certain report as to when and how fully Treasury intends to respond to the SEC's requests. The Court

Thomas McGivern, Esquire
September 19, 2006
Page 2

also wants an assessment as to what effect Treasury's response will have on my client's motion to compel.

While I appreciate the efforts that you and your colleagues at Treasury have made to date, the delay we have experienced in obtaining these documents has delayed the resolution of other issues in the case. It has already forced the parties to seek a three-month extension of the discovery deadline in this case. I would therefore appreciate detailed information regarding your plans for future productions, including a date certain by which you believe your production will be completed. Please provide me with this information by September 26, 2006 in order that we may file a timely report to the Court.

In addition, we are concerned that none of the documents you have produced so far are responsive to a number of critical requests made by the SEC. Specifically, Treasury has not yet produced any documents concerning:

- Treasury's admission of Peter Davis to quarterly refunding conferences from January 1, 1994 through October 31, 2001.

- Correspondence, including e-mails and letters, between Peter Davis and any Treasury employee, concerning attendance at Treasury refunding conferences and/or any rule of confidentiality or "embargo" pertaining thereto.

- Appointment logs, daily calendars, or other documents showing meetings between Peter Davis and any Treasury employee.

- Any agreement or other document signed by Peter Davis concerning confidentiality of information received from Treasury or compliance with press embargoes.

- Any agreement involving the confidentiality of information, embargoes, or access to Treasury meetings and conferences that were used, signed, or approved by Roger Anderson.

- Standard agreements, forms, or other documents concerning the confidentiality of information used by Treasury from January 1, 1994 to December 31, 2001. I note that multiple Treasury witnesses have testified that Treasury used confidentiality agreements with members of the Borrowing Advisory Committee and Ms. Tyler testified that they were maintained in a special file.

- Documents concerning the use of press embargoes at Treasury from January 1, 1994 to present.

Thomas McGivern, Esquire
September 19, 2006
Page 3

- Documents concerning changes to Treasury's policies, procedures, or practices relating to the release of information subject to embargo that were made prior to the quarterly refunding press conference on October 31, 2001.

- Documents concerning the accuracy of the clock on Treasury's computer system and web server during October 2001.

- Documents concerning violations of embargoes at Treasury from 1990 to the present, including any disciplinary, administrative, or legal actions taken in response to such violations.

- Documents concerning the assertedly premature posting of remarks by Deputy Treasury Secretary Kenneth Dam on Treasury's web site on October 22, 2001, and any subsequent investigations conducted or actions taken at Treasury in response.

- Documents concerning any reports, investigations, or responses by Treasury to the disclosure by Brian Collins of information concerning the suspension of the 30-year note to the Federal National Mortgage Association on October 31, 2001.

- Documents sufficient to disclose Treasury's document retention policies, procedures, or practices from January 1, 1994 to the present.

- Communications before 10:00 a.m. on October 31, 2001 between Treasury and other federal agencies or departments concerning the proposed decision to suspend issuance of the 30-year bond.

- Communications with other federal agencies concerning the disclosure on October 31, 2001 of the suspension of issuance of the 30-year bond.

Please inform us if, with respect to any category of documents listed in the SEC's letter, Treasury has determined that no such documents have ever existed and, if so, what steps Treasury took to search for them.

Furthermore, I was very troubled by the testimony of Frances Anderson that, while she had saved on a disc electronic data that might be critical in ascertaining exactly when the announcement of suspension of issuance of the 30-year bond was posted to the Treasury website on October 31, 2001, that disc inexplicably disappeared from a filing cabinet and she deleted the original data on her desktop computer. Please advise as to your efforts to locate the disc as to which Ms. Anderson testified.

In addition, in your most recent production, on September 8, 2006, your cover letter stated that "[w]here appropriate, redactions have been made to protect privileged

Thomas McGivern, Esquire
September 19, 2006
Page 4

information." I would appreciate an explanation of the Treasury's assertion of privilege. Many of the redactions you made are in e-mail messages to or from staff members in the Office of Public Affairs Treasury — none of whom are attorneys — and appear to involve matters that are highly relevant to this case. It is not evident how such communications are privileged. While I understand that Treasury intends to produce a privilege log "when all privileged documents have been produced," I would like to inform the Court of any issue that may arise regarding claims of privilege in our October 2, 2006 status report.

    Finally, I repeat my earlier requests for proposed dates for the depositions of David Aufhauser and Jill Cetina, and for proposed dates and Treasury's clearance for the depositions of Elnora Bowser, Michele Davis, and Steve Berardi.

    Thank you for your attention to these matters. I look forward to hearing from you soon.

                                        Sincerely,

                                        John A. Shope

cc:    Christian Furey, Esquire
        John J. Rossetti Jr., Esquire
        Erica Y. Williams, Esquire
        Nicholas C. Theodorou, Esquire
        Robert E. Toone, Esquire

# EXHIBIT B

**Letter from Thomas McGivern, Office of the General Counsel, Department of the Treasury, to John Shope, Foley Hoag LLP (Oct. 2, 2006)**



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

October 2, 2006

**BY E-MAIL AND FAX**

John A. Shope, Esq.
Mr. Robert E. Toone, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

    Re: Update Regarding Treasury Responses to Touhy Requests in *Securities and Exchange Commission v. Steven E. Nothern* (D. Mass., Case No. 05-10983)

Gentlemen:

This is in response to Mr. Shope's letter dated September 19, 2006 and Mr. Toone's letter dated September 29, 2006 regarding the above-titled case.

We continue to work to ensure that all responsive Treasury documents are located regarding the Securities and Exchange Commission's request for documents pursuant to Treasury's Touhy regulations. Among other efforts, Treasury's Office of the Chief Information Officer continues the costly and labor intensive process of restoring and forwarding for review former Treasury employees' e-mails to help ensure that Treasury's response is complete and accurate. Further, we continue to discuss with the United States Secret Service and others whether other potentially responsive documents may exist.

In its Touhy request to Treasury for documents, the SEC also requested that Treasury produce a privilege log for any information withheld as privileged. The letters accompanying Treasury's September 8, 2006 and September 28, 2006 productions explicitly state that Treasury will produce a privilege log when all privileged documents are produced.

My letter to Mr. Shope dated June 9, 2005 denied your request under Treasury's Touhy regulations to depose Treasury employee Jill Cetina, who was on medical leave at that time and remains on medical leave. We currently are reviewing your request to depose former Treasury employee Michelle Davis and current Treasury employees Elnora Bowser and David Berrardi. We plan to have a decision in those matters soon.

The Treasury Department is not a party in this litigation. Nonetheless, Treasury staff have dedicated hundreds of hours, and the Department of the Treasury has spent hundreds of thousands of dollars, on matters pertaining to this case, including, among other things:

2

- searching for hard- and soft-copy records, including restoring former employees e-mails, reviewing those records for privileged material, and producing documents;
- considering your Touhy request for the deposition of current and former Treasury employees;
- helping you to locate some of these former Treasury employees, and coordinating with all parties to arrange mutually convenient times for their deposition; and
- attending the depositions of eight current and former Treasury employees, including Treasury's Assistant Secretary for Public Affairs, and traveling to New York (twice), New Jersey, and Florida for these depositions.

As I have mentioned to Mr. Shope on a number of occasions, this case is just one of many assignments for which I am responsible at Treasury. The same can be said of all of my Treasury colleagues who have worked, and are working, on this matter. We have worked diligently on this matter, and will continue to work to complete Treasury's response to these Touhy requests in a timely and accurate manner.

Sincerely,

*Thomas M. McGivern*

Thomas M. McGivern

cc: Erica Williams, Esq.
John Rossetti, Esq.
U.S. Securities and Exchange Commission