UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | Civil Action No. 05-CV-10983 (NMG) |
| Plaintiff, | ) | |
| v. | ) ) | |
| STEVEN E. NOTHERN, | ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF NANCY M. MORRIS

I, Nancy M. Morris declare as follows:

1. I am Secretary of the United States Securities and Exchange Commission ("Commission").

2. On November 7, 2001, the Commission entered a formal order directing the staff to commence a non-public investigation into potential securities law violations involving trading in the 30-year Treasury bond on October 31, 2001, entitled Trading in Certain Treasury Issues, HO-9353 (the "30-year bond Investigation").

3. On September 28, 2002, in connection with the 30-year bond Investigation, the Commission authorized the staff to commence an action for the enforcement of the federal securities laws in federal district court against defendant Steven E. Nothern and Peter Davis and authorized the institution of public administrative proceedings against Goldman Sachs & Co. and Massachusetts Financial Services Company.

4. On July 29, 2003, the Commission authorized the staff to add John M. Youngdahl as a defendant in the previously authorized (but not filed) civil action against Steven E. Nothern and Peter Davis.

5. On September 4, 2003, the Commission's staff filed a civil action in the United States District Court for the Southern District of New York against defendant Steven E. Nothern, Peter Davis, and John Youngdahl.

6. On November 6, 2003, the Commission authorized the staff to file a notice of dismissal without prejudice in the civil action against defendant Steven E. Nothern under Federal Rule of Civil Procedure 41(a)(1).

7. On May 3, 2005, the Commission authorized the staff to re-file the pending civil enforcement action against defendant Steven E. Nothern.

8. On November 14, 2006, the Commission, through its General Counsel, to whom it has delegated the authority, and who after giving personal consideration to the matter, determined, on behalf of the Commission, to assert a claim of governmental deliberative process privilege over the following categories of documents in the Commission's files relating to the 30-year bond Investigation: communications from Commission staff to staff of the Office of the United States Attorney for the Southern District of New York forwarding draft memoranda, draft complaints, and draft administrative orders.

9. The governmental deliberative process privilege is being asserted as to the foregoing documents because they contain intra- and inter-governmental communications, evidencing the advice, evaluations, deliberations, opinions and recommendations of the legal staff of the Commission who were involved in the 30-year bond investigation, which pre-date determinations of the Commission and its staff to

institute enforcement proceedings. The Commission is of the opinion that production of the deliberative process materials such as the foregoing documents would have an inhibiting effect upon the fullness and frankness of written expression between and among the Commission, its staff members, and other law enforcement agencies, and thus would have a detrimental effect on the Commission's decision-making processes.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 14, 2006.

                                                _____
                                                Nancy M. Morris