UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | Civil Action No. 05-CV-10983 (NMG) |
| Plaintiff, | ) |  |
| v. | ) ) |  |
| STEVEN E. NOTHERN, | ) ) |  |
| Defendant. | ) |  |

**U.S. SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO
DEFENDANT STEVEN E. NOTHERN'S
<u>MOTION FOR ORDER TO SHOW CAUSE</u>**

# TABLE OF CONTENTS

                                                                                                                    Page

I. BACKGROUND ...................................................................................................1

II. ARGUMENT .....................................................................................................4

    A.  The Law Does Not Require The SEC To Produce Information Or
        Testimony Of Current And Former Employees Of Other Government
        Departments And Agencies ..............................................................................4

    B.  Nothern's Claim That There Are No Alternative Procedures Available
        To Compel Testimony From Treasury Employees Is False And Should
        Be Rejected. ......................................................................................................8

    C.  Nothern's Claim That The SEC Has Engaged In Action That Warrants
        Dismissal Of Its Action Is Baseless And Should Be Rejected ..........................9

III. CONCLUSION ................................................................................................12

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Angulo-Alvarez v. Aponte de la Torre*, 170 F.3d 246 (1st Cir. 1999)..................10

*Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208 (D.D.C. 1996) ..................9

*Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8 (1st Cir. 1991) ..................10

*National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976) ..................10

*SEC v. Biopure Corp.*, No. 05-00506, 2006 WL 2789002 (D.D.C. Jan. 20, 2006)..........5, 6

*SEC v. Selden*, No. 05-0476, 2006 WL 2374796 (D.D.C. Aug. 16, 2006)..................5

*Serro-Lugo v. Consortium-Las Marias*, 271 F.3d 5 (1st Cir. 2001) ..................10

*Tower Ventures Inc. v. City of Westfield*, 296 F.3d 43 (1st Cir. 2002)..................10, 11

*U.S. v. AT&T*, 461 F.Supp. 1314 (D.D.C. 1978) ..................5, 6

*U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)..................1

*Young v. Gordan*, 330 F.3d 76 (1st Cir. 2003) ..................10

*Yousuf v. Samantar*, 451 F.3d 248 (D.C. Cir. 2006)..................2, 5, 9

### **FEDERAL STATUTES**

31 C.F.R. §§ 1.8 - 1.12..................7

Fed. R. Civ. P. 37(b)(2)..................10

Nothern has already filed a motion to compel in which he seeks to have the Court decide whether the SEC controls documents held in the files of Executive Branch agencies and/or whether Executive Branch agencies can be considered party plaintiffs to this SEC enforcement action. Rather than providing the Court with an opportunity to decide the pending motion to compel, Nothern has filed a motion to show cause that raises the same legal issue.[1] In his motion Nothern asks that this Court order the SEC to show cause why its insider trading case against him should not be dismissed for the Department of Treasury's ("Treasury") determination that his request to depose Treasury's former general counsel, and other current and former Treasury employees, did not comport with regulations promulgated by Treasury pursuant to the authority provided by the Supreme Court in *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951) (hereinafter referred to as "*Touhy* regulations").

The proposition upon which Nothern's motion to compel and his motion to show cause are based – that all agencies and departments of the federal government become plaintiffs to an action filed by the SEC – is contrary to law, and raises serious constitutional, and separation of powers, concerns. Moreover, if granted, Nothern's motion will have detrimental consequences to the SEC's ability to enforce the federal securities laws. Treasury is not a party to this action. Therefore, any concerns that Nothern has regarding Treasury's denial of his request to depose five additional Treasury employees in addition to the nine employees he has already deposed should be directed to Treasury, not the SEC. Like his previously filed motion to compel production of documents, Nothern's motion to show cause should be denied.

## I.   BACKGROUND

For nearly a year Nothern has been attempting to force the SEC to produce information from other government agencies that it does not control, rather than following approved procedures for obtaining the information. In February 2006, Nothern filed a motion to compel

---

[1] All references to Nothern's Memorandum In Support Of His Motion For An Order Directing The Government To Show Cause will be referred to herein as ("Nothern's motion to show cause" or "motion").

1

the SEC to produce documents from every agency and department of the government in response to his 66 overly broad document requests. At the time Nothern filed his motion to compel, he had two valid procedural means that he failed to utilize to obtain the documents he sought directly from other government agencies: (1) the procedures outlined in the Freedom of Information Act ("FOIA"), and (2) compliance with the agencies' *Touhy* regulations. In June 2006, the United States Court of Appeals for the District of Columbia Circuit decided *Yousuf v. Samantar*, 451 F.3d 248, 256 (D.C. Cir. 2006), which provided Nothern yet a third valid procedure to obtain the documents he sought from other agencies through the use of subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure. More than five months have passed since the D.C. Circuit's decision in *Yousuf*, and Nothern has yet to issue a single Rule 45 subpoena to any government agency in this case.

Because Nothern refused to pursue document discovery directly from government agencies other than the SEC, in June 2006, the SEC in an attempt to resolve the parties' discovery dispute, agreed to submit voluntary requests for production drafted by Nothern to three government agencies of Nothern's choosing, the Commodity Futures Trading Commission ("CFTC"), Department of Justice ("Justice") and Treasury. As a result of the SEC's efforts, Nothern received hundreds of pages of documents in production collectively from the three agencies. Although each of the agencies represented that they were fully complying with Nothern's requests, in accordance with their privilege claims and *Touhy* regulations[2], on October 30, 2006, Nothern renewed his motion to compel the SEC to produce documents from other government agencies, which the SEC does not control.

---

[2] On November 30, 2006, Treasury produced to both parties additional documents and a cover letter in response to the SEC's June 30, 2006 request. In the cover letter, Treasury counsel, Thomas McGivern, notified the parties that Treasury continued to experience some technical difficulties restoring email of certain former Treasury employees. Mr. McGivern stated that Treasury was in the process of restoring and reviewing these emails, and hoped to complete its production soon. *See* Exh. A to Declaration of Erica Y. Williams ("Williams Decl.") dated December 1, 2006.

2

Although Nothern would not comply with Treasury's *Touhy* regulations to obtain documents, he has sought and received permission from Treasury, pursuant to its *Touhy* regulations, to depose nine current and former Treasury employees.[3] The more Treasury employees Nothern deposed, the more employees he has sought to depose. The role that Treasury played in the facts that give rise to this insider trading case is minor, yet, Nothern currently seeks to depose a total of fourteen Treasury employees. Over the past two months, Nothern has increased his list of Treasury witnesses to include former Treasury General Counsel David Aufhauser, Elnora Bowser, Jill Cetina, Michele Davis and Steve Berardi. While Nothern sought permission from Treasury to conduct these depositions, his requests were denied on the grounds that they were unnecessary, available from other sources and unduly burdensome. *See* Declaration of Robert E. Toone ("Toone Decl.") (Docket # 51) at Exhs. B, J, N; Williams Decl. Exhs. B, C. Nothern chose not to t apply for reconsideration or review of its decision to deny these depositions. Instead, on November 7, 2006, Nothern's counsel submitted a letter to counsel for the SEC threatening to move for dismissal of this case if the SEC did not make Treasury witnesses available for deposition. *Id*. at Exh. K.

On November 8, 2006, the SEC submitted a letter to Nothern's counsel in response to Nothern's November 7 correspondence. In the SEC's November 8 submission, counsel for the SEC made clear that the arguments it raised in its opposition to Nothern's motion to compel production of documents, regarding the SEC's inability to control Treasury, also applied to the production of current and former Treasury employees for deposition. *Id*. at Exh. L. The SEC confirmed that it was not involved in Treasury's decision to deny Nothern's request for information and testimony under Treasury's *Touhy* regulations, and that the SEC has no authority

---

[3] These employees include: Salvatore Antonio Fratto, Frances Anderson, Elizabeth Holahan Schmutz, Roger Anderson, Peter Fisher, Brian Roseboro, Paul Malvey, Jill Ousley and Lula Tyler. In addition, Treasury approved the SEC's request to depose one former Treasury employee, Steven Vagle, who counsel for Nothern also examined.

3

to reverse or alter Treasury's decision.[4] As a result, the SEC urged Nothern to pursue objections of his requests for depositions of Treasury employees to Treasury directly.[5] Nothern ignored the SEC's recommendation, and on November 17, 2006, moments after the SEC filed its opposition to Nothern's renewed motion to compel, Nothern filed this motion seeking to have the SEC show cause why its insider trading case should not be dismissed for Treasury's denial of his request to depose five additional current and former Treasury employees. For the reasons set forth below, the SEC requests that the Court deny Nothern's motion to show cause in its entirety.

## II. ARGUMENT

### A. The Law Does Not Require The SEC To Produce Information Or Testimony Of Current And Former Employees Of Other Government Departments And Agencies.

As stated above, Nothern's motion to show cause is based on the same flawed analysis and application of the law as his pending motion to compel the SEC to produce of documents from other government agencies. Accordingly, the SEC refers to and incorporates the arguments set forth it its briefs in opposition to Nothern's motion to compel and his renewed motion to compel. (Docket ## 32, 46)

In fact, the SEC's arguments as to why it should not be required to produce current and former employees of other government agencies for deposition are even more compelling than

---

[4] Nothern spends page after page of his motion to show cause defending the validity of his request to depose Treasury's former General Counsel and four other current and former Treasury employees. Nothern's motion to show cause, however, was filed against the SEC, not Treasury, which is not a party to this action. While the SEC may agree with Treasury's position that many of the depositions that Nothern seeks are unnecessary, available from other sources and unduly burdensome, it will not attempt to litigate the merits of Treasury's decisions under its *Touhy* regulations in this opposition.

[5] The SEC reiterated this position during a telephone call with Nothern's counsel on November 9, 2006, in which it rejected Nothern's suggestion that the SEC could get Treasury to reverse its decision to deny Nothern's request for the depositions at issue by asking Treasury to reconsider the decisions.

4

the arguments set fort in its opposition to Nothern's motion to compel the production of documents. Although the case law on this issue is sparse – likely because litigants rarely forward the argument that all agencies and departments of the government become plaintiffs to actions filed by independent government agencies – the law that does exist supports the SEC's position.

In *SEC v. Biopure Corp.*, No. 05- 00506, 2006 WL 2789002, at *4 (D.D.C. Jan. 20, 2006) ("*Biopure*"), the United States District Court for the District of Columbia rejected a defendant's claim that an independent agency of the federal government, the Food and Drug Administration ("FDA"), became a party to an enforcement action filed by the SEC in the District of Massachusetts. In that case, Biopure filed a motion to compel non-party respondent, the FDA, to provide information and testimony of an employee of one of the FDA's divisions pursuant to a Rule 45 subpoena issued to the FDA.[6] In support of its motion, Biopure argued, *inter alia*, that the FDA should be considered to be a party to the litigation filed by the SEC for purposes of discovery because it had provided "substantial assistance" to the SEC. The Court "found no support for Biopure's proposition that because the SEC [Government] is a party, then other branches of the Government such as the FDA should also be treated as a party."[7] *Id.* Similarly, there is no support for Nothern's argument that Treasury and all other agencies of the government became parties to this case because it was filed by the SEC.

---

[6] Notably, Biopure attempted to obtain documents and testimony directly from the FDA through the use of Rule 45 subpoenas and did not take the unprecedented approach, taken by Nothern, of moving to compel the SEC to produce FDA documents or witnesses, which it did not control. *See c.f., SEC v. Selden*, 2006 WL 2374796, at *1-2 (D.D.C. Aug. 16, 2006) (involving an SEC enforcement action filed in the District of Massachusetts in which the plaintiff seeking documents and testimony from the FDA served Rule 45 subpoenas on the FDA rather than pursing the discovery through the plaintiff SEC).

[7] The Court also found that the FDA could not be subpoenaed under Rule 45 because it was not a "person" under the Rule and because Biopure had not complied with the FDA's *Touhy* regulations. Recently, the United States Court of Appeals for the District of Columbia decided *Yousuf v. Samantar*, 451 F.3d 248, 258 (D.C. Cir. 2006) in which it held that the "Government is a 'person' subject to subpoena under Rule 45."

In reaching its decision, the court in *Biopure* considered arguments raised by the FDA concerning *U.S. v. AT&T,* 461 F. Supp. 1314, 1335-1336 (D.D.C. 1978) ("*AT&T*"), one of the few decisions that addresses the issue of whether all of the departments and agencies of the government should be considered to be party plaintiffs when a lawsuit is instituted by one government agency or department.[8] In *AT&T,* the court found that although the United States was listed as the plaintiff in the action filed by Justice, the plaintiff did not include all agencies of the United States government, and specifically did not include the Federal Communications Commission ("FCC") and other independent regulatory agencies. The court noted that a finding that an independent regulatory agency of the government automatically becomes a plaintiff in a case filed by a department of the Executive Branch "would not only contradict over forty years of legal history, but would effectively leave the conduct of this lawsuit, and perhaps of other actions brought by the government vulnerable to a virtual veto by one or more independent regulatory agencies." *Id.* at 1336.[9] Although *AT&T* involved a motion to compel the production of documents from government agencies, its holding is equally applicable to the production of testimony. If Nothern's legal argument is accepted, and other government agencies, like Treasury, are found to be a party to this case, the future the SEC's ability to enforce the federal securities laws in this case will effectively be placed in the hands of those other government agencies.

---

[8] In *AT&T* the court noted that "there is a paucity of authority on this issue in the area of civil litigation, and there certainly has been no instance of discovery being sought or required on as broad a scale, involving as many departments of government as in this case." 461 F. Supp. at 1333. Here, Nothern is seeking discovery that is arguably broader than the discovery sought in *AT&T*.

[9] Moreover, the court in *AT&T* noted that its decision that other Executive Branch agencies could be considered plaintiffs in that particular action was limited to the peculiar facts of that case, which involved "massive wide-ranging allegations." The court recognized that if its holding was not so confined, it "might encourage other litigants in other cases to rummage through the files of the entire government, and so paralyze both the work of numerous agencies and that of the court." *SEC v. Biopure*, 2006 WL 2789002, at *4 n.7 (quoting *AT&T,* 461 F. Supp. at 1334).

Rather than addressing how his motion to show cause comports with the decisions in *Biopure*, and *AT&T*, Nothern uses the majority of his motion to set forth his twisted, inaccurate, version of the facts of the case, and facts which he believes support his requests to take five additional depositions of Treasury employees.[10] Nothern's motion to show cause, like his motion to compel, presents a legal, not a factual issue. The fact most relevant to the Court's determination of this legal issue is that this case was filed by, and on behalf of, the SEC, an independent regulatory agency of the government, not the United States government as a whole. Other government agencies, including Treasury, did not have any input in, or control over, the SEC's investigation of Nothern's trading, or its decision to file this action.[11] The SEC, in accordance with its mission to protect investors, independently filed this case against defendant Steven E. Nothern because he knowingly or recklessly traded in the 30-year bond for his own benefit based on material, nonpublic information that he obtained from Peter Davis, who he knew, or was reckless in not knowing, had passed on the information in breach of his duty to Treasury to keep the information confidential during the embargo period.

Just as Treasury had no involvement in the SEC's decision to file this case against Nothern, the SEC had no involvement in Treasury's decision to deny Nothern's request for deposition under its *Touhy* regulations. Consideration of requests under Treasury's *Touhy*

---

[10] The SEC disagrees with numerous facts presented by Nothern in the background section of his motion regarding the possible testimony that could be provided by Treasury employees, Bowser, Cetina, Berardi, Davis and Aufhauser, and the likelihood that such testimony will lead to the discovery of admissible evidence in this case. Because the SEC had no involvement in Treasury's decision to deny Nothern's request to take these depositions, and these facts have no bearing on the legal issue presented in this motion, the SEC will reserve its response to these facts at this time.

[11] The SEC's Division of Enforcement Staff ("Staff") conducted the SEC's investigation of this matter independent of any limited investigation being conducted by the Treasury's Office of Inspector General ("OIG"), or any other office in the Treasury. *See* March 2006 Rossetti Decl. ¶ 2. The Staff determined which Treasury employees it wanted to interview and what topics would be covered in those interviews, which were scheduled with the assistance of Treasury's Office of General Counsel, who also represented the employees during the interviews. *See* Exh. L to March 2006 Rossetti Decl.

regulations, like the requests submitted by Nothern in this case, are left to the discretion of Treasury. 31 C.F.R. §§ 1.8 – 1.12. The SEC has neither the authority, nor the ability, to overrule Treasury's decision to deny a request for testimony pursuant to its *Touhy* regulations. *Id.* Furthermore, as a practical matter, the SEC does not control Treasury's employees, and has no ability to produce Treasury employees for deposition.

      **B.**      **Nothern's Claim That There Are No Alternative Procedures Available To Compel Testimony From Treasury Employees Is False And Should Be Rejected.**

Nothern disingenuously claims that there "is no alternative procedure by which he may obtain [the testimony of five additional Treasury employees] in this litigation." Motion at 14. This claim is false and contradicts other representations made by Nothern. Indeed, Nothern admits that he has the ability to seek review of Treasury's denial of his request for depositions by commencing an action in federal court under the Administrative Procedures Act ("APA"). Motion at 14-16 (citing *Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1212 (D.D.C. 1996)) (other citations omitted). The reviewing court will determine if Treasury's decision to deny Nothern's request to take a total of fourteen depositions of current and former Treasury employees, including that of Treasury's former general counsel, was arbitrary, capricious and unreasonable. *Id.*

While Nothern acknowledges that he has the ability to challenge Treasury's denial of his requests for deposition, he claims that this Court should not require him to comply with the review process under the APA because it will take too long. Motion at 16. The length of time that it will take for Nothern to receive a decision from a federal court regarding Treasury's denial of his request for depositions should have no bearing on the Court's decision here.

Nothern has contributed to any delay he has experienced in obtaining the information and testimony he seeks from other government agencies in this case. For nearly a year, Nothern has failed to take advantage of the established procedures that exist for obtaining discovery from

non-party government agencies. He has refused to utilize the procedures set forth in FOIA. He has failed to seek documents from other government agencies in accordance with their *Touhy* regulations. He has failed to serve a single Rule 45 subpoena for documents, even after the D.C. Circuit held that Rule 45 subpoenas could be issued to agencies of the government. *See Yousuf v. Samatar*, 451 F.3d 248, 257 (D.C. Cir. 2006). Now, Nothern is refusing to take advantage of the procedures outlined in *Houston Bus. Journal, Inc.* to seek review of his request to depose Treasury officials. Instead of filing an action under the APA challenging Treasury's decision, Nothern filed this motion to show cause against the SEC asking this Court to make the unprecedented finding that the entire government, including Treasury, is a party to this SEC enforcement action. Having wasted significant time, Nothern cannot complain about how time consuming it may be for him to pursue discovery directly from Treasury and other government agencies.

Nothern's argument that it will take "two years or more" for him to obtain the documents he is seeking directly from other agencies should not be credited. Motion at 16. Nothern has the ability to seek expedited review of Treasury's decision to deny his request for five additional depositions. If necessary, Nothern may also ask this Court to extend the discovery and/or trial schedule in this case for a brief period of time to allow him to seek review of Treasury's decision. If Nothern is serious about his desire to obtain testimony from the five Treasury employees at issue, he should be required to take advantage of established legal procedures to seek review of Treasury's denial of his request for information regardless of how long it takes for him to do so.

### C. Nothern's Claim That The SEC Has Engaged In Action That Warrants Dismissal Of Its Action Is Baseless And Should Be Rejected.

Nothern fails to cite to a single authority that supports his request that the SEC be dismissed for Treasury's denial of his request depose five of its employees. As stated above, Nothern's motion is based on the incorrect premise that Treasury is a party plaintiff to this action.

9

Because Treasury is not a party, Nothern should be required to comply with Treasury's *Touhy* regulations in order to depose current and former Treasury employees. Treasury has determined that Nothern failed to satisfy the requirements under *Touhy* to obtain permission for the five additional depositions that he seeks. The SEC cannot be penalized for Nothern's failure, and its case cannot be dismissed based on the actions of a third party, which the SEC does not control. *See* Fed. R. Civ. P. 37(b)(2) (directed at parties who fail to obey discovery orders).

Even if Treasury's denial of Nothern's request for depositions could be imputed to the SEC – which it cannot - Nothern's claim that the denial warrants an order to show cause, and the possible dismissal of this case is incorrect. Dismissal of a plaintiff's action, especially dismissal with prejudice, is typically reserved for cases in which the plaintiff has shown continued deliberate disregard for court orders and procedures, and been forewarned of the consequences of continued non-compliance.[12] Indeed, the First Circuit has found that dismissal of an action with prejudice "is strong medicine, not casually to be dispensed . . ." *Tower Ventures Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002). Even the cases that Nothern cites in support of his motion to show cause are limited to circumstances in which plaintiffs failed to abide by court discovery orders after receiving warnings of the likely consequences of such action. *See Young v. Gordan*, 330 F.3d 76, 81 (1st Cir. 2003) (upholding dismissal after plaintiff was "forewarned of noncompliance, [and] failed to abide by a court order); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640-43 (1976) (upholding dismissal of action after plaintiffs exhibited "flagrant bad faith" by failing to substantially answer interrogatories after

---

[12] *See Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 10 (1st Cir. 1991)(upholding dismissal of an action after the plaintiff evidenced a deliberate pattern of delay and disregard for court orders and finding that "dismissal with prejudice is a harsh sanction which runs counter to our strong policy favoring the disposition of cases on the merits.")(citations and internal quotations omitted*); Angulo-Alvarez v. Aponte de la Torre*, 170 F.3d 246, 252 (1st Cir. 1999)( finding that a court may dismiss an action where "a noncompliant litigant has manifested disregard for orders of the court and been suitably forewarned of the consequences of non-compliance"); *Serro-Lugo v. Consortium-Las Marias*, 271 F.3d 5, 6 (1st Cir. 2001)(holding that the district court acted within its discretion in dismissing an action after the plaintiff repeatedly violated court orders and had been warned of the consequence of non-compliance).

receiving numerous extensions from the court and after "several admonitions by the Court"); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d at 45 (finding that dismissal of plaintiff's action was appropriate where plaintiff's counsel engaged in "serial violations of the court's scheduling order").

The actions take by the SEC and Treasury do not warrant an order to show cause or dismissal of the SEC's case. The Court has not issued any orders against the SEC, or any other government agency, in this action. Moreover, the SEC, having asserted what it believes is a valid legal argument that it is the only plaintiff in this case, has not refused to comply with any court procedures. Notably, in his motion to show cause Nothern does not specifically allege any wrongdoing on the part of the SEC, reserving all of his critique for the department of Treasury, which also had not violated any court orders, or engaged in any wrongdoing.[13] On the contrary, Treasury has expended hundreds of hours and hundreds of thousands of dollars voluntarily producing documents responsive to Nothern's requests, helping to arrange depositions of current and former Treasury employees, attending depositions involving Treasury employees in New York, Florida and New Jersey, and considering Nothern's fourteen requests for depositions of current and former Treasury employees pursuant to Treasury's *Touhy* regulations – nine of which were granted. Toone Decl. Exh. J. Nothern willingly applied to Treasury pursuant to its *Touhy* regulations and requested permission to depose Treasury's employees, as if Treasury was a non-party to this action. Toone Decl. Exhs. A, E. Nothern cannot validly claim that Treasury should not have applied its *Touhy* regulations to his requests, nor can he argue that by denying the requests, Treasury engaged in actions that warrant the dismissal of this case.

---

[13] In an effort to deflect attention from his own bad acts, Nothern has focused his defense on collecting information so that he can turn this into a case about Treasury. This case is not about mistakes made by the Treasury department. It is about Nothern's violations of the federal securities laws. Indeed, this Court has already found that any misconduct on behalf of Treasury does not create a valid defense to the SEC's insider trading claims in this case. *See* Memorandum and Order dated November 4, 2005 at 10-11 (Docket # 25).

Contrary to Nothern's allegations, neither the SEC, nor Treasury, has improperly limited his access to obtain evidence in this case. If anything, Nothern has limited himself by refusing to take advantage of established procedural methods put in place to afford him due process. In doing so, Nothern has unfairly delayed the discovery process in this case and impeded the SEC's ability to prosecute the claims against him. The Court should counsel no further delay, and should deny Nothern's motion to show cause and his motion to compel production of documents from other government agencies.

### III. CONCLUSION

For all of the foregoing reasons, the SEC respectfully requests that the Court deny Nothern's Motion to Show Cause.

Dated: December 1, 2006                    Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　　　　/s/ Erica Y. Williams
　　　　　　　　　　　　　　　　　　　　　　Erica Y. Williams
　　　　　　　　　　　　　　　　　　　　　　John J. Rossetti, Jr.
　　　　　　　　　　　　　　　　　　　　　　U.S. Securities and Exchange Commissions
　　　　　　　　　　　　　　　　　　　　　　100 F Street, N.E.
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20549-4010
　　　　　　　　　　　　　　　　　　　　　　Phone:   (202) 551-4450
　　　　　　　　　　　　　　　　　　　　　　Fax:     (202) 772-9245
　　　　　　　　　　　　　　　　　　　　　　williamse@sec.gov