UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| STEVEN E. NOTHERN, | ) ) |
| Defendant. | ) ) |

Civil Action No. 05-CV-10983 (NMG)

**DECLARATION OF ERICA Y. WILLIAMS FILED IN SUPPORT OF THE U.S. SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT STEVEN E. NOTHERN'S MOTION FOR ORDER TO SHOW CAUSE**

I, Erica Y. Williams declare as follows:

1. I am an Assistant Chief Litigation Counsel for the Securities and Exchange Commission in the above-captioned matter. I am a member of good standing of the Virginia and District of Columbia bars. Except where otherwise indicated, I make this declaration based upon my own personal knowledge and information and belief, the documents thus far produced during discovery, and other documents concerning this action.

2. A true and correct copy of the November 30, 2006 letter from Thomas McGivern, Esq. to Erica Y. Williams, Esq. is attached hereto as Exhibit A.

3. A true and correct copy of the November 30, 2006 letter from Thomas McGivern, Esq. to John Shope, Esq. Re: Request for the deposition testimony of

Treasury Department employee Jill Cetina in *Securities and Exchange Commission v. Steven E. Nothern* (D. Mass., Case No. 05-10983) is attached hereto as Exhibit B.

4. A true and correct copy of the November 30, 2006 letter from Thomas McGivern, Esq. to John Shope, Esq. Re: Request for the deposition testimony of Treasury Department employee Steve Berardi and former Treasury Department employee Michelle Davis in *Securities and Exchange Commission v. Steven E. Nothern* (D. Mass., Case No. 05-10983) is attached hereto as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 1, 2006.

_____
Erica Y. Williams

# EXHIBIT A

## November 30, 2006 Letter from Thomas McGivern, Esq. to Erica Y. Williams, Esq.



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

November 30, 2006

**BY E-MAIL**

Erica Y. Williams
Assistant Chief Litigation Counsel
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549

    Re: Request for documents in *Securities and Exchange Commission v. Steven E. Nothern,*
       Case No. 05-10983

Dear Ms. Williams:

This is the seventh in a series of responses to your pursuant to Treasury's *Touhy* regulations dated June 30, 2006. Your letter requests documents related to the Treasury Department's quarterly refunding announcement for U.S. government securities on October 31, 2001.

This set of documents is in response to multiple sections of Attachment A to your letter. Where appropriate, redactions have been made to privileged information. All segregable non-privileged information has been released. As we have noted before, we are not producing duplicate copies of documents that were previously produced.

We had hoped to complete our response to your June 30, 2006 request with this production. Unfortunately, it is taking Treasury information technology staff longer than anticipated to restore the e-mail accounts of certain former Treasury employees. We are in the process of restoring and reviewing those final records and will finish our production soon. If you have any questions, please call me at 202-622-2317, or Christian Furey at 202-622-5441.

                                Sincerely,

                                Thomas M. McGivern

ec: John Rossetti, Esq. (By e-mail)
    U.S. Securities and Exchange Commission

    John Shope, Esq. (By e-mail)
    Nicholas Theodorou, Esq. (By e-mail)
    Robert Toone, Esq. (By e-mail)
    Foley Hoag LLP

# EXHIBIT B

November 30, 2006 letter from Thomas McGivern, Esq. to John Shope, Esq. Re: Request for the deposition testimony of Treasury Department employee Jill Cetina in *Securities and Exchange Commission v. Steven E. Nothern* (D. Mass., Case No. 05-10983)



# DEPARTMENT OF THE TREASURY
## WASHINGTON, D.C. 20220

November 30, 2006

**BY E-MAIL AND FAX**

John A. Shope, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

    Subject:    Request for the deposition testimony of Treasury Department employee Jill Cetina in *Securities and Exchange Commission v. Steven E. Nothern* (D. Mass., Case No. 05-10983)

Dear Mr. Shope:

The Department of the Treasury received your May 18, 2006 letter that requests the deposition testimony of Treasury employee Jill Cetina, among others. The May 18 letter was submitted pursuant to Treasury Department regulations found at 31 C.F.R. §§ 1.8-1.12 (commonly known as Touhy regulations, *see also United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951)). By letter dated June 9, 2006, we denied your request based on Ms. Cetina's medical issues. We are also in receipt of your July 10, 2006 letter seeking an update on Ms. Cetina's availability. This letter is to inform you that in addition to her previous medical issues, Ms. Cetina is dealing with a grave family medical issue. She is on indefinite leave from the Treasury Department and will not be available for a deposition in the foreseeable future. You are not authorized to depose Ms. Cetina. *See* 31 C.F.R. § 1.11, which permits agency counsel to consider other appropriate factors in deciding whether to authorize the testimony of personnel. We have determined that the serious health and family considerations facing Ms. Cetina is an appropriate factor.

If you have any questions, please call me at 202-622-2317.

                                          Sincerely,

                                          Thomas M. McGivern

cc: Erica Williams, Esq.
    John Rosetti, Esq.
    U.S. Securities and Exchange Commission

    Nicholas Theodorou, Esq.
    Robert Toone, Esq.
    Foley Hoag LLP

# EXHIBIT C

November 30, 2006 letter from Thomas McGivern, Esq. to John Shope, Esq. Re: Request for the deposition testimony of Treasury Department employee Steve Berardi and former Treasury Department employee Michelle Davis in *Securities and Exchange Commission v. Steven E. Nothern* (D. Mass., Case No. 05-10983)

Case 1:05-cv-10983-NMG   Document 53-4   Filed 12/01/2006   Page 2 of 6



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

November 30, 2006

**BY E-MAIL AND FAX**

John A. Shope, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

> Subject: Request for the deposition testimony of Treasury Department employee Steve Berardi and former Treasury Department Employee Michelle Davis in *Securities and Exchange Commission v. Steven E. Nothern* (D. Mass., Case No. 05-10983)

Dear Mr. Shope:

The Department of the Treasury is in receipt of your August 16, 2006 letter that requests the deposition testimony of Treasury employee Steve Berardi and former Treasury Department employee Michelle Davis, among others. The August 16 letter was submitted pursuant to Treasury Department regulations found at 31 C.F.R. §§ 1.8-1.12 (commonly known as Touhy regulations, *see also United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)).

We have carefully reviewed and considered your letter pursuant to Treasury's Touhy regulations. Following this review and consideration, we deny your request to depose Ms. Davis and Mr. Berardi. As explained below, we found that the letter you submitted to Treasury fails to demonstrate, among other things, that Ms. Davis's and Mr. Berardi's deposition testimony is genuinely necessary to the proceeding, is unavailable from other sources, and is not unduly burdensome.

- *The letter fails to demonstrate that the information requested is genuinely necessary to the proceeding.* Your letter does not demonstrate that either Ms. Davis or Mr. Berardi are likely to possess information necessary to prove or disprove the allegations in this case. The topics for which you seek to depose both Ms. Davis and Mr. Berardi either already have been addressed in Treasury's document production and in deposition testimony by a number of other current and former Treasury employees or attempt to elicit information that would compromise the integrity of the deliberative processes of the Department.

- *The letter fails to demonstrate that the information you seek from either Ms. Davis or Mr. Berardi is unavailable from other sources.* With regard to Mr. Berardi, not only is the information you seek from him available from other sources, such as documents we provided in response to the SEC's Touhy request that also were sent to you, you also already have received such information from current and former Treasury employees in deposition testimony. For example:

2

- Information on the times at which the decision was considered and reached at Treasury can be found in the deposition transcripts of Peter Fisher (pages 67-71), Tony Fratto (pages 141-142), and Paul Malvey (pages 117, 166-171).
- Information on how the 10:00 a.m. embargo time was selected can be found in the deposition transcripts of Peter Fisher (pages 101-114), Tony Fratto (pages 129-134), Elizabeth Holahan (pages 57, 85-93), and Brian Roseboro (page 84).
- Information on the advance preparation of any calendars or other materials that may or may not have reflected Treasury's decision can be found in documents produced to you such as an undated memorandum from Deputy Assistant General Counsel (Enforcement) Francine Kerner to Mr. Aufhauser titled "Announcement Suspending Issuance of the 30-year Bond," and in the deposition transcripts of Lula Tyler (pages 97-98), Frances Anderson (page 57), Brian Roseboro (page 44), and Elizabeth Holahan (page 102).
- Information on Treasury's policies and procedures on maintaining the confidentiality of market-sensitive information can be found in the deposition transcripts of Brian Roseboro (page 85), Paul Malvey (pages 255-256), Roger Anderson (pages 38-40), Jill Ousley (pages 77-80), Tony Fratto (pages 38-41, 85), and Elizabeth Holahan (pages 33-34, 44-46, 61).
- Information on Treasury's policies and procedures on "embargoes" can be found in the deposition transcripts of Tony Fratto (pages 37-64), Elizabeth Holahan (pages 44, 46-50, 60-61, 63), Peter Fisher (pages 101-107), Roger Anderson (pages 38-42, 47-49, 54), Brian Roseboro (pages 28-29, 31-35), Frances Anderson (pages 59-61, 90-91), Lula Tyler (pages 57-59), Jill Ousley (pages 49-53), and Paul Malvey (pages 40, 99-102).
- Information on the policies and procedures that specifically were followed on October 31, 2001 can be found in the deposition transcripts of Tony Fratto (pages 48, 94, 128-129, 156-171), Paul Malvey (pages 60-61, 79-85), Peter Fisher (pages 99-100, 114-122), Brian Roseboro (pages 80, 84-85), Elizabeth Holahan (pages 53-54, 101, 106-111, 113-116), Frances Anderson (pages 56, 58, 68-70, 79-100), and Lula Tyler (pages 98-100, 102).
- Information on the manner in which Treasury Under Secretary Peter Fisher's statement was released at the press conference, on the Treasury's web site, and through other means can be found in the deposition transcripts of Peter Fisher (pages 118-120, 122-126), Tony Fratto (pages 131-141, 168-170), Elizabeth Holahan (pages 95-97, 181-182, 185-195), Frances Anderson (pages 119-120, 137-153), and Brian Roseboro (page 82, 84-85, 86-88).
- Information on how Peter Davis was specifically able to attend the press conference on October 31, 2001 can be found in the deposition transcripts of Elizabeth Holahan (pages 115-116, 137-138), Lula Tyler (pages 99-105), Paul Malvey (page 146), and Tony Fratto (pages 172-177).
- With regard to Ms. Davis, not only is the information you seek from her available from other sources, such as documents we provided in response to the SEC's Touhy request that also were sent to you, you also already have received such information from current and former Treasury employees in deposition testimony. For example:
  - Information on the Treasury officials and employees who were involved in making the decision to suspend the 30-year bond can be found in the deposition transcripts of Peter Fisher (pages 67-77), Tony Fratto (pages 141-149), Paul Malvey (pages 160-163), and Brian Roseboro (pages 64-67).
  - Information on the times at which the decision was considered and reached at Treasury

3

    can be found in the deposition transcripts of Peter Fisher (pages 67-71), Tony Fratto (pages 141-142), and Paul Malvey (pages 117, 166-171).

- Information on other officials and employees at Treasury who were informed about the decision before 10:00 a.m. on October 31, 2001 can be found in the deposition transcripts of Peter Fisher (pages 67-75), Tony Fratto (pages 131, 147-149), Paul Malvey (166-171), Lula Tyler (page 96), and Brian Roseboro (pages 66-67).
- The topic of whether there was any written confidentiality agreement between Peter Davis and the Treasury Department has been covered numerous times with current and former Treasury employees, all with the same conclusion: that no such document existed. See the deposition transcripts of Roger Anderson (pages 100-101), Tony Fratto (pages 176-177), Jill Ousley (page 49), Elizabeth Holahan (page 141), and Paul Malvey (page 114). In addition, searches of Treasury records have not produced any documents or other evidence of any such confidentiality agreement, as I stated on page 2 of my October 19, 2006 letter to the SEC Assistant Chief Litigation Counsel Erica Williams.
- Information on other persons, agencies, and organizations outside Treasury who were informed about the decision before 10:00 a.m. on October 31, 2001 can be found in the deposition transcripts of Peter Fisher (pages 74-91), Elizabeth Holahan (pages 185-195), Paul Malvey (pages 172-173), and Brian Roseboro (pages 57-58).
- Information on Treasury's policies and procedures on maintaining the confidentiality of market-sensitive information can be found in the deposition transcripts of Tony Fratto (pages 38-41, 85), Brian Roseboro (page 85), Paul Malvey (pages 255-256), Roger Anderson (pages 38-40), Jill Ousley (pages 77-80), and Elizabeth Holahan (pages 33-34, 44-46, 61).
- Information on Treasury's policies and procedures on "embargoes" can be found in the deposition transcripts of Tony Fratto (pages 37-64), Elizabeth Holahan (pages 44, 46-50, 60-61, 63), Peter Fisher (pages 101-107), Roger Anderson (pages 38-42, 47-49, 54), Brian Roseboro (pages 28-29, 31-35), Frances Anderson (pages 59-61, 90-91), Lula Tyler (pages 57-59) Jill Ousley (pages 49-53), and Paul Malvey (pages 40, 99-102).
- Current and former Treasury employees deposed by you have stated that they were unaware that a person named Brian Collins released information in advance of any press embargo, and thus were unaware of any actions that have been taken by Treasury regarding Mr. Collins' compliance with Treasury rules, policies, or procedures related to embargoes. Discussions of other parties deemed to have released information in advance of any press embargo can be found in the deposition transcripts of Tony Fratto (pages 105-108) and Elizabeth Holahan (pages 72-73, 220-221).
- Current and former Treasury employees deposed by you have stated that they were unaware of an early posting on Treasury's web site of Treasury Deputy Secretary Kenneth Dam's remarks on October 22, 2001. These discussions can be found in the deposition transcripts of Peter Fisher (page 111), Tony Fratto (pages 122-128), Elizabeth Holahan (pages 79-80), Paul Malvey (pages 126-127), Frances Anderson (page 114), and Brian Roseboro (page 43).
- Information on the policies and procedures that specifically were followed on October 31, 2001 can be found in the deposition transcripts of Tony Fratto (pages 48, 94, 128-129, 156-171), Paul Malvey (pages 60-61, 79-85), Peter Fisher (pages 99-100, 114-122), Brian Roseboro (pages 80, 84-85), Elizabeth Holahan (pages 53-54, 101, 106-111, 113-116), Frances Anderson (pages 56, 58, 68-70, 79-100), and Lula Tyler (pages 98-100, 102).

4

- Information on how the 10:00 a.m. embargo time was selected can be found in the deposition transcripts of Peter Fisher (pages 101-114), Tony Fratto (pages 129-134), Elizabeth Holahan (pages 57, 85-93), and Brian Roseboro (page 84).
- Information on the manner in which Fisher's statement was released at the press conference, on the Treasury's web site, and through other means can be found in the deposition transcripts of Peter Fisher (pages 118-120, 122-126), Tony Fratto (pages 131-141, 168-170), Elizabeth Holahan (pages 95-97, 181-182, 185-195), Frances Anderson (pages 119-120, 137-153), and Brian Roseboro (pages 82, 84-85, 86-88).
- Information on Peter Davis's authority to attend Treasury conferences generally can be found in the deposition transcripts of Elizabeth Holahan (pages 115-116, 137-138), Lula Tyler (pages 48-50, 54-57, 59), Roger Anderson (pages 53-64), Paul Malvey (pages 43, 90-92, 98-99), and Tony Fratto (pages 171-177, 180, 183-184).
- Information on whether Mr. Davis had ever been excluded from the press conferences can be found in the deposition transcripts of Tony Fratto (page 174), Roger Anderson (pages 56-59), and Paul Malvey (pages 98-99).
- Information on how Davis was specifically able to attend the conference on October 31, 2001 can be found in the deposition transcripts of Elizabeth Holahan (pages 115-116, 137-138), Lula Tyler (pages 99-105), Paul Malvey (page 146), and Tony Fratto (pages 172-177).

- *The request to depose both Mr. Berardi and Ms. Davis is unduly burdensome.* Treasury staff have dedicated hundreds of hours and hundreds of thousands of dollars to matters pertaining to this case in which the Treasury Department is not a party, including, among other things:
  - searching for hard- and soft-copy records, including restoring former employees e-mails, protecting privileged material, and producing documents;
  - considering your Touhy requests for the deposition of current and former Treasury employees;
  - helping you to locate some of these former Treasury employees and coordinating with all parties to arrange mutually convenient times for their deposition; and
  - attending the depositions of eight current and former Treasury employees, including Treasury's Assistant Secretary for Public Affairs, and traveling to New York (twice), New Jersey, and Florida for these depositions.

  Your request to depose Ms. Davis and Mr. Berardi would measurably add to the strain already imposed on the Treasury Department's resources and divert Treasury personnel from their official duties. *See generally Reynolds Metals Co. v. Crowther*, 572 F. Supp. 288, 290-91 (D. Mass. 1982); *see also COMSTAT Corp. v. National Science Found.*, 190 F.3d 269, 278 (4th Cir. 1999). You have shown no restraint in requesting testimony on the same topics again and again from current and former Treasury employees. Deposing another current Treasury employee on these topics – many of which are not in dispute and already have been addressed numerous times in documents provided by Treasury and in the deposition testimony of current and former Treasury officials – imposes an undue burden on the Department.

To reiterate, neither Mr. Berardi nor Ms. Davis is authorized under applicable Treasury Department regulations to provide the requested testimony, and they may not be compelled to testify. *See Bobreski v. EPA*, 284 F. Supp.2d 67, 73-74 (D.D.C. 2003) (agency employee cannot

5

be forced to testify if an agency with valid Touhy regulations considers requests for testimony using relevant data and provides a rational basis for its decision).

The foregoing objections are not exclusive, and we reserve the right to assert further objections as appropriate.

If you have further questions, please contact me at 202-622-2317.

                          Sincerely,

                          Thomas M. McGivern

ec: Erica Williams, Esq.
    John Rosetti, Esq.
    U.S. Securities and Exchange Commission

    Nicholas Theodorou, Esq.
    Robert Toone, Esq.
    Foley Hoag LLP