UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN E. NOTHERN,<br><br>    Defendant. | Civil Action No. 05-10983 (NMG) |

**DECLARATION OF ROBERT E. TOONE FILED IN SUPPORT OF
DEFENDANT'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Robert E. Toone, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am an attorney for Steven E. Nothern in the above-referenced matter. I am a member of the Massachusetts bar and the bar of this Court. Except where otherwise indicated, I make this declaration based upon my own personal knowledge, upon public records, and upon the documents related to this action.

2. A true and correct copy of a letter from R.K. Delmar, Counsel to the Inspector General at the Department of the Treasury, to Kevin B. Currid at Foley Hoag LLP, dated June 13, 2006, is attached hereto as Exhibit A.

3. A true and correct copy of a letter from Robert E. Toone at Foley Hoag LLP to Donald Hawkins at the United States Secret Service, Department of Homeland Security, dated August 28, 2006, is attached hereto as Exhibit B.

4.      A true and correct copy of a letter from Special Agent in Charge Kathy J. Lyerly, United States Secret Service, Department of Homeland Security, to Foley Hoag LLP, dated September 18, 2006, is attached hereto as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 12, 2006.

_____
Robert E. Toone

# EXHIBIT A

Letter from R.K. Delmar, Counsel to the Inspector General
at the Department of the Treasury, to Kevin B. Currid
at Foley Hoag LLP, dated June 13, 2006



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

OFFICE OF
INSPECTOR GENERAL

June 13, 2006

Mr. Kevin B. Currid
Foley Hoag LLP
Attorneys At Law
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02210-2600

    Re:    Freedom of Information Act Request –
             Request No. 2005-11-046

Dear Mr. Currid:

This is an interim response to your Freedom of Information Act (FOIA) request dated November 11, 2005 that you submitted to the Department of the Treasury, Office of Disclosure Services. Your request seeks copies of "all documents and other information relating to United States Department of the Treasury, Office of Inspector General Investigation number 2002-0104." Your request also listed thirty-nine specific documents.

Searches were conducted electronically using the case number you provided. The search encompassed both electronic and hard copy files. The electronic search included email, databases, shared drives and hard drives. The search revealed documents responsive to your request. Seven FOIA requests were received in the OIG. The files could not be located for six of the requests. However, a copy of the response letters were located for five of those requests.

A review of case file number 2002-0104 revealed the following:

     1. Documents originated by the U.S. Dept. of the Treasury, Office of General Counsel (approximately 127 pages), Office of Public Affairs (approximately 16 pages), Office of Domestic Finance (one page); U.S. Department of Homeland Security, United States Secret Service (approximately 18 pages); and the U.S.

Securities and Exchange Commission (three pages).  Please be advised that, in accordance with the Department's regulations at 31 C.F.R. § 1.5(c)(2),[1] your request and relevant documents were referred to the government agencies listed above.  You will receive a direct response from the U.S. Department of Homeland Security and the U.S. Securities and Exchange Commission.  Our office will coordinate a response from the remaining offices within the U.S. Department of the Treasury.

      2.  Material that is released in full.  (185 pages)

      3.  Material that may be released to you in part pursuant to the Act.  (123 pages)  This is a partial release.

      3.  Material that is exempt from release and withheld in its entirety pursuant to the Act.  (Thus far, 46 pages)

Portions of the material in category two are exempt from disclosure pursuant to 5 U.S.C. §§ 552 (b)(5), (b)(6), and (b)(7)(C).  Those partially excised documents are enclosed.

The material in category three is exempt from disclosure and withheld in its entirety pursuant to 5 U.S.C. § 552 (b)(5).

The exemptions are discussed below.

### Exemption 5, 5 U.S.C. § 552 (b)(5)

The pages contains information exempt from disclosure pursuant to Exemption 5.  The pages also contains information withheld in its entirety pursuant to Exemption 5.  Exemption 5 of the FOIA protects "inter-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552 (b)(5).  As such, it has been construed to "exempt those documents, and only those documents that are normally privileged in the civil discovery context."  See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975).  The three primary privileges that have been held to be incorporated into Exemption 5 are the deliberative process privilege, the attorney work-product

---

[1] Department of the Treasury regulations state in pertinent part:  "When a requested record has been created by an agency or Treasury bureau other than the Treasury bureau possessing the record, the bureau having custody of the record shall refer the record to the originating agency or Treasury bureau for a direct response to the requester."

privilege, and the attorney-client privilege. Here, all the privileges under Exemption 5 are asserted and properly invoked.

### Exemption 6, 5 U.S.C. § 552 (b)(6)

Exemption 6 permits the government to withhold all information about individuals in personnel and medical files and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. Here, information identifiable to specific individuals has been withheld.

The test for disclosure under Exemption 6 requires an agency or court to balance public interest in disclosure against an individual's privacy interests. See Department of Air Force v. Rose, 425 U.S. 352, 372 (1976). The Court has sharply limited the notion of "public interest" under the FOIA: "[t]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'shed light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" Lepelletier v. FDIC, 164 F.3d 37, 46 (D.C. Cir. 1999) (editing by the court, interior quotation marks omitted; emphasis deleted), quoting United States Dept. of Defense v. FLRA, 510 U.S. 487, 497 (1994). See also U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 773 (1989). The release of information identifiable to specific individuals will not shed any light on the performance of the statutory duties of the OIG. Exemption 6 is properly invoked.

### Exemption 7C, 5 U.S.C. § 552 (b)(7)(C)

The pages contain information redacted under Exemption 7C. Exemption 7C shields from public dissemination "records or information compiled for law enforcement purposes . . . [if disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). The OIG invokes Exemption 7C relative to the identities of complainants, interviewees, witnesses, and OIG investigators and lower level personnel, and any information that could reasonably be expected to identify such individuals. Exemption 7C affords broad privacy rights to suspects, witnesses and investigators. See Bast v. Dep't of Justice, 655 F.2d 1251, 1254 (D.C. Cir. 1981). "Law enforcement officers, suspects, witnesses and other individuals named in investigatory files all have substantial privacy interests in not having their names revealed in connection with the subject matter of a law enforcement investigation because such revelation could result in embarrassment or harassment." Wichlacz v. U.S. Dep't of Interior, 938 F. Supp. 325, 333 (E.D. Va. 1996), citing Manna v. Dep't of Justice, 51 F.3d 1158, 1166 (3d Cir. 1995), reh'g denied 1995 U.S. App.

LEXIS 14303 (3d Cir. June 6, 1995); McDonnell v. United States, 4 F.3d 1227, 1255 (3d Cir. 1993).

A requester must show a "substantial public interest" in disclosure to prevail over privacy concerns. In re Wade, 969 F.2d 241, 246 (7th Cir. 1992), reh'g denied 1992 U.S. App. LEXIS 17079. The only public interest a court should examine and advance is whether disclosure would contribute "'significantly to public understanding of the operations or activities of the government.'" United States Dep't of Defense v. Federal Labor Relations Authority, 510 U.S. 487, 495 (1994), quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989).

There is no public interest inherently present in any of the matters at hand that would justify dissemination of the names of third parties contained in the responsive files. Therefore, those names and related information are protected from public disclosure under Exemption 7C. Exemption 7C is properly invoked.

## Conclusion

None of the information being withheld is appropriate for discretionary disclosure. All portions of the requested records that are reasonably segregable from exempt portions are being released to you as required by 5 U.S.C. § 552(b). However, please remember that this is only a partial release. Your request is still being processed. We expect to make another release as soon as possible. Although this is not a final letter, we want you to know your appeal rights. You have the right to appeal under 5 U.S.C. § 552(a)(6)(A)(i) for full disclosure of the requested files. The procedures set forth below for submitting an appeal at the appropriate time are in accordance with the Department's regulations at 31 C.F.R. § 1.5(i).

The appeal must be submitted within 35 days from the date of the final response to your request, signed by you and addressed to: Freedom of Information Act Appeal, DO, Disclosure Services, Department of the Treasury, Washington, D.C. 20220. The appeal should reasonably describe the records to which access has been denied, and should specify the date of the initial request and the date of the determination. Please enclose copies of your initial request and the final letter. The appeal should also set forth the address where you desire to be notified of the

determination on appeal. The deciding official on your appeal will be the Inspector General.

Sincerely,

R.K. Delmar
Counsel to the Inspector General

Enclosures

# EXHIBIT B

Letter from Robert E. Toone at Foley Hoag LLP to
Donald Hawkins at the United States Secret Service,
Department of Homeland Security, dated August 28, 2006





**FOLEY HOAG LLP**
ATTORNEYS AT LAW

August 28, 2006

Robert E. Toone
Boston Office
617.832.1242
rtoone@foleyhoag.com

**BY TELECOPIER (202-406-5154) AND FIRST-CLASS MAIL**

Mr. Donald Hawkins
United States Secret Service
Department of Homeland Security
Washington, DC 20223

      Re:   *United States Securities and Exchange Commission v. Nothern*, **Civil Action No. 05-10983 (NMG)(D. Mass.)**

Dear Mr. Hawkins:

    Thank you for your recent telephone call to attorney Kevin Currid at my law firm regarding our Freedom of Information Act (FOIA) requests, File Number 20050765 - 20050803. As you requested, I am writing to provide the U.S. Secret Service with a list of more narrowly tailored requests.

    For your background, Peter Davis was a private business consultant who was able to attend various meetings and press conferences at the Department of the Treasury ("Treasury") from 1993 until October 31, 2001. Mr. Davis did not have press credentials, and instead gained admission to these meetings and press conferences by having various employees at Treasury (possibly including Roger Anderson, Jill Ouseley, Paul Malvey, Lula Tyler, and Elnora Bowser) arrange with Secret Service personnel for his admittance into the main Treasury building. At the quarterly refunding press conference on October 31, 2001, which was allegedly subject to a 10:00 a.m. news embargo, Mr. Davis left the Treasury building at around 9:25 a.m. and made various telephone calls to third parties in which he revealed information about Treasury's announcement of its decision to suspend sales of the 30-year bond.

    The documents we seek from the U.S. Secret Service are:

- All documents concerning the identification of the individuals who attended the quarterly refunding press conference at Treasury on October 31, 2001.

- All documents concerning a memorandum of Sgt. John Muskette, USSS, UD, Appointment Center dated November 6, 2001.

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP     BOSTON     WASHINGTON, DC     www.foleyhoag.com

Mr. Donald Hawkins
August 28, 2006
Page 2

- All documents concerning the admittance of Peter Davis to the quarterly refunding press conference at Treasury on October 31, 2001.

- All documents concerning the admittance of Peter Davis to any press conference at Treasury from 1993 through 2001.

- All documents concerning Treasury or Secret Service policies concerning information embargoes enforced at Treasury press conferences from 1993 through 2001.

- All documents concerning the implementation and enforcement by the Treasury (including, from 1993 through 2001, the Secret Service) of 31 C.F.R. §§ 407.5 and 407.14 and all other regulations concerning the requirement of all persons on Treasury property to comply with the instructions of Treasury guards, with official signs of a prohibitory nature, and with the direction of other authorized officials.

- All documents reflecting or concerning communications with any other agency of the federal government concerning the disclosure of information relating to the 30-year bond on October 31, 2001.

As you know, our FOIA requests have been pending with the Secret Service for over eight months. We would appreciate receiving the requested documents as soon as possible.

Thank you for your attention to this matter. I look forward to hearing from you soon.

Sincerely,

Robert E. Toone

cc: Nicholas C. Theodorou, Esquire
John A. Shope, Esquire

# EXHIBIT C

Letter from Special Agent in Charge Kathy J. Lyerly,
United States Secret Service, Department of Homeland Security,
to Foley Hoag LLP, dated September 18, 2006



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information and Privacy Acts Branch
245 Murray Drive
Building 410
Washington, D.C. 20223

Foley Hoag LLP
Attorneys at Law
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA  02210-2600

SEP 18 2006

File Number:  20060495-20060501

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information/Privacy Acts request received by the United States Secret Service on August 29, 2006, for information pertaining to various meetings and press conferences at the Department of the Treasury from 1993 until October 31, 2001 pertaining to as follows:

File 20060495 – Identification of the individuals who attended the quarterly refunding press conference at Treasury on October 31, 2001;

File 20060496 – Memorandum of Sgt. John Muskette, USSS, UD, appointment center dated November 6, 2001;

File 20060497 – Admittance of Peter Davis to the quarterly refunding press conference at Treasury on October 31, 2001;

File 20060498 – Admittance of Peter Davis to any press conference at Treasury from 1993 through 2001;

File 20060499 – Treasury or Secret Service policies concerning information embargoes enforced at Treasury press conferences from 1993 through 2001;

File 20060500 – Implementation & enforcement by the Treasury (including, from 1993 through 2001, the Secret Service) & other regulations concerning the requirement of all persons on Treasury property to comply with the instructions of Treasury guards with official signs of a prohibitory nature with the direction of other authorized officials;

File 20060501 – Communications with any other agency of the Federal government concerning the disclosure of information relating to the 30-year bond on October 31, 2001.

The acknowledgement of the Freedom of Information and/or Privacy Acts request for access to records is considered an agreement by you to pay applicable fees charged up to $25.00 pursuant to Department of Homeland Security Disclosure Regulations. You may specify a willingness to pay a greater or lesser amount for your information.

A search for files responsive to your request is being conducted. When the results of the search are known, you will be notified.

Please use the file number indicated above in all future correspondence with this office.

We solicit your cooperation and assure you that the search will be conducted as expeditiously as possible.

Sincerely,

Kathy J. Lyerly
Special Agent In Charge
Freedom of Information &
Privacy Acts Officer