UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 05-10983 (NMG) |
| Plaintiff, | |
| v. | |
| STEVEN E. NOTHERN, | |
| Defendant. | |

## JOINT MOTION TO EXTEND CASE DEADLINES

In accordance with the Order of the Court (Sorokin, M. J.) on January 24, 2007 (Docket # 63), the parties hereby jointly move for an extension of time in which defendant Steven Nothern may pursue alternative methods for obtaining testimony and documents controlled by departments and agencies of the United States other than the plaintiff Securities and Exchange Commission ("SEC"), and to extend other dependent deadlines and dates (including the date of trial). As grounds for this motion, the parties state as follows:

1.      In this action, the SEC alleges that on October 31, 2001 Nothern violated the federal securities laws by engaging in insider trading based on information released at the quarterly refunding press conference held by the Department of the Treasury ("Treasury") that day. As Magistrate Judge Sorokin recently summarized, contested issues in this case include "whether the information from the press conference was actually confidential . . . , whether [the alleged tipper Peter] Davis had owed a fiduciary duty to Treasury, whether Nothern knew of such a duty if it existed, and whether trades directed by Nothern actually preceded the posting of the information on the Treasury's website." Docket # 63, at 5.

2.      Nothern contends that multiple elements of the SEC's claims and his defenses turn on the Treasury's handling of its announcement on October 31, 2001 to suspend issuance of the 30-year bond. He has therefore sought the production of documents from Treasury through both a document request to the SEC under Federal Rule of Civil Procedure 34 and a request to Treasury directly under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Nothern served his Rule 34 request on the SEC on September 27, 2005, and submitted his FOIA request to Treasury on November 11, 2005. From approximately August 3 through December 19, 2006, the Office of General Counsel at Treasury produced responsive documents to Nothern and the SEC, pursuant to a request by the SEC that was substantially similar to Nothern's FOIA request.[1] In a letter dated December 19, 2006, the Office of General Counsel stated that Treasury's production was final, but that Treasury was redacting or withholding completely 276 pages of documents asserted to be immune from disclosure on grounds of various privileges. Nothern contends that Treasury's withholding is contrary to applicable law and his ability to obtain a fair adjudication of his case.

3.      On January 23, 2007, pursuant to Treasury's FOIA regulations, *see* 31 C.F.R. § 1.5(i), Nothern submitted an administrative appeal to Treasury challenging its withholding of these documents. Treasury must respond to Mr. Nothern's administrative appeal within 20 working days, at which time its response will be final and subject to judicial review. Because the Court (Sorokin, M.J.) has denied Nothern's motion to compel production of these documents by the SEC based on the SEC's status as an "independent" agency, Nothern contends that, absent

---

[1] The SEC made this request to Treasury following a June 14, 2006 hearing on Nothern's initial motion to compel the production of Treasury documents (Docket # 28, filed February 17, 2006). At this hearing, the Court (Sorokin, M.J.) asked the parties if they would attempt to resolve Nothern's request without judicial intervention. Following the SEC's submission of Nothern's document requests to Treasury and other agencies, the Court denied Nothern's motion to compel without prejudice "as moot at this time in light of the United States' voluntary discovery efforts."

reversal of that decision, his sole recourse is a lawsuit under FOIA. *See* 5 U.S.C. § 552(a)(6)(ii); 31 C.F.R. § 1.5(i)(3).

4. Nothern has also sought the production of documents from the U.S. Secret Service: the agency that controlled access to the Treasury building in October 2001 and which has since been transferred to the jurisdiction of the Department of Homeland Security ("DHS"). Nothern submitted a FOIA request to DHS on December 20, 2005, and, at the department's request, a list of more narrowly tailored requests on August 28, 2006. As of this filing, DHS has still not responded to Nothern's FOIA request. DHS's failure to respond allows Nothern to seek judicial review immediately. *See* 5 U.S.C. § 552(a)(6)(C); 6 C.F.R. § 5.6(b).

5. Finally, Nothern has sought to depose several current and former Treasury officials and employees pursuant to Treasury's "housekeeping" or "*Touhy*" regulations. *See* 5 U.S.C. § 301; 31 C.F.R. §§ 1.8-1.12; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). After initially granting Nothern's requests to depose some of those employees, Treasury denied his request to depose employee Elnora Bowser on November 2, 2006, and denied his requests to depose Jill Cetina, Michele Davis, and Steve Berardi on November 30, 2006. On November 15, 2006, Treasury also revoked the authorization for the deposition of David Aufhauser that it had earlier provided on June 9, 2006. Treasury's Office of General Counsel stated that it denied these depositions pursuant to its *Touhy* regulations. Based on Magistrate Judge Sorokin's denial of his motion for an order to show cause (Docket # 63), Nothern contends that his sole recourse is to file an action challenging that decision under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.,* which is now ripe for review.

6. After it became clear to Nothern that he would not be able to obtain documents held by Treasury and other federal departments by the current discovery deadline, Nothern filed a renewed motion to compel against the SEC on October 30, 2006 (Docket # 44). On November

17, 2006, Nothern also filed a motion for an order to show cause why the SEC's case should not be dismissed in light of Treasury's refusal to allow depositions of its employees (Docket # 49). In its order of January 24, 2007 (Docket # 63), the Court (Sorokin, M. J.) denied both motions. While acknowledging that the information Nothern seeks is relevant, the Court reasoned that the legal authority cited by Nothern to require production by the SEC was inapposite because, in this case, "a separate process exists (albeit a potentially cumbersome and time-consuming one)" for Nothern to challenge the agency action denying him such information.  Docket # 63, at 12.  The Court further noted that "the SEC has indicated that it would not oppose reasonable requests to extend the case deadlines to accommodate Nothern's attempts to pursue such remedies." *Id.*

7. Nothern intends to object to Magistrate Judge Sorokin's ruling. *See* Fed. R. Civ. P. 72(a). If Magistrate Judge Sorokin's ruling is overruled, more time for discovery will be required. Likewise, if the ruling is sustained, more time will be required for pursuit of discovery under FOIA and the APA. Consistent with Magistrate Judge Sorokin's Order, and with the goal of exhausting all available means to obtain the documents and testimony he has been denied, Nothern now intends to file the following actions: (1) an action under the Administration Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, challenging Treasury's refusal to allow the depositions of five current and former employees whose testimony Nothern contends is important to his defense; (2) an action under FOIA challenging the failure of DHS to respond to Nothern's FOIA request; and (3) assuming his pending administrative appeal is denied, an action under FOIA challenging Treasury's decision to redact and withhold documents response to his requests. Nothern intends to file all three actions in the District of Massachusetts, and to identify them as actions that are related to this one. Nothern will seek to have these cases assigned to the same judge to facilitate timely and appropriate action. *See* Local Rule 40.1(G). Nothern anticipates that he will be able to file all three actions by or near the end of February 2007 and

that the defendant departments will respond by the end of April 2007. Nothern further anticipates moving for summary judgment in the FOIA and APA actions shortly thereafter, thus making the merits of his requests ripe for judicial decision in late June or early July 2007.

8.	After conferring pursuant to Local Rule 7.1(a)(2) on January 29, 2007, the parties jointly request that the Court extend all existing discovery and dispositive motions deadlines in the case (including but not limited to the designation of experts on January 31, 2007), until such time as the Court is able to render a decision on the related FOIA and APA actions discussed above. The parties request that after these collateral actions are decided, it (1) direct the parties to confer and propose a new schedule for any necessary fact discovery at that point, expert designations, expert depositions, and service of dispositive motions and responses thereto; and (2) set new dates for the pretrial conference and trial.

WHEREFORE, the parties respectfully ask this Court to extend the current deadlines for expert designations, expert depositions, service of dispositive motions, and responses to dispositive motions until such time as the FOIA and APA actions described above have been decided.

Respectfully submitted,

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|
| /s/ Erica Y. Williams | /s/ John A. Shope |
| Erica Y. Williams | Nicholas C. Theodorou (BBO # 495730) |
| John J. Rossetti, Jr. | John A. Shope (BBO # 562056) |
| U.S. Securities and Exchange Commission | Robert E. Toone (BBO # 663249) |
| 100 F Street, N.E. | FOLEY HOAG LLP |
| Washington, D.C. 20549-4010 | 155 Seaport Boulevard |
| Phone: (202) 551-4450 | Boston, MA 02210 |
| Fax: (202) 772-9245 | Phone: (617) 832-1000 |
| williamse@sec.gov | Fax: (617) 832-7000 |
| | jshope@foleyhoag.com |

Dated: January 31, 2007

## Certificate of Service

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ John A. Shope
John A. Shope

B3309858.6