UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN E. NOTHERN,<br><br>Defendant. | Civil Action No.  05-CV-10983-NMG |

REVISED ORDER ON DEFENDANT'S MOTION TO COMPEL PRODUCTION OF
JUSTICE DEPARTMENT DOCUMENTS IN THE SEC'S POSSESSION (DOCKET #67)

May 31, 2007

SOROKIN, M.J.

The Court's Order of May 22, 2007, Docket # 82, is hereby AMENDED, due to a typographical error, as follows:  The second-to-last full sentence at page five of that Order is amended to read, "Moreover, Mr. Rossetti's affidavit indicated that the Justice Department made an access request to the SEC whereby that agency shared with the USAO certain information uncovered in the course of its investigation, and the Justice Department likewise shared with the SEC certain information not gathered via grand jury proceedings.  Docket #48, at ¶ 3; Docket #33, 'Exhibit Q'."  In all other respects, the Order is the same.

The revised Order is set forth below.

INTRODUCTION

In the course of their pre-lawsuit investigation of trading in the 30-year bond market during late October, 2001, (including events forming the basis of the above-entitled action), attorneys for the Plaintiff Securities and Exchange Commission (SEC) participated with Assistant United States Attorneys in five joint interviews of four witnesses.[1]

The circumstances of these interviews are detailed in the Declaration of John J. Rossetti, Jr. (filed in the context of an earlier discovery dispute). Docket #48. Rossetti declares that he participated in the SEC's pre-lawsuit investigation, and that SEC counsel joined two named Assistant U.S. Attorneys at interviews of four witnesses: Peter Davis, of Davis Capital Investment Ideas; William Dudley, of Goldman, Sachs & Co.; Irene Tse, also of Goldman, Sachs & Co., and Timothy Bitsberger, a former Treasury official. Docket #48, at ¶¶ 2, 7. Rossetti states that SEC counsel and Justice counsel "assigned USAO Investigator Robert Manchak the note taking responsibility. Counsel agreed that the one set of notes resulting from these interview sessions would be available for use by attorneys for the Commission and by the USAO" [i.e., the United States Attorney's Office]. Id. "Investigator Manchak was assigned the task of keeping the notes of these interviews for the future use of the attorneys involved in the investigation for the SEC and the USAO. Only Investigator Manchak took notes for SEC counsel and USAO counsel during the interviews." Id., at ¶ 8. Rossetti also declares that the interviews were conducted in a question-and-answer format, but that the notes taken by Manchak "do not constitute a verbatim or substantially verbatim rendering of the questions asked or the witnesses' responses" and are "summary in nature, containing few complete sentences."

---

[1] The Justice Department was conducting a criminal investigation arising from the same events.

2

Id., at ¶ 9.[2]

On September 27, 2005, Nothern served a document production request pursuant to Fed. R. Civ. P. 34 in which he sought notes or other documentation of interviews conducted by any federal agency or department in connection with the SEC's or Justice Department's investigations. Docket #30, "Exhibit T," Request #4. SEC objected to that request on the basis of, inter alia, the work product doctrine. Docket #30, "Exhibit U," Objection to Request 4. Nothern filed his Motion to Compel production of the interview notes on February 7, 2007. Docket #67. The District Judge referred the motion for resolution by the undersigned United States Magistrate Judge on April 6, 2007. Docket #79. The motion was heard on May 9, 2007.

DISCUSSION

The work product doctrine was first recognized by the United States Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947). The Court noted that in performing his or her duties, it is essential that an attorney work with a certain degree of privacy and free from unnecessary intrusion by opposing parties and their counsel. Id., at 510. "Proper preparation of a client's case demands that [the attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." Id., at 511. Such attorney work product is reflected in "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways." Id. Subsequently, the work product doctrine was codified by Fed.

---

[2] Mr. Rossetti's declaration, as well as his representations to the Court at oral argument, establish that production of the portion of the notes not containing SEC work product is not feasible in light of the both the summary nature of the notes themselves, and the fact that counsel for the two agencies engaged in a free-flowing joint interview.

R. Civ. P. 26(b)(3), which permits the discovery of otherwise relevant materials which have been

> ". . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

Memoranda based upon oral statements of witnesses are within the scope of work product protections and are "the sort of material the draftsmen of the Rule had in mind as deserving special protection." Upjohn Co. v. U.S., 449 U.S. 383, 400 (1981).

The interview notes in question are relevant. Nothern does not contend that he is able to make the requisite showing of substantial need or of undue hardship, but rather that the interview notes do not fall within the rule's protections at all because the relationship between SEC counsel and Investigator Manchak was too attenuated to qualify Manchak as the SEC's "representative" within the meaning of Rule 26(b)(3).

Based on the record before it, the Court finds that the notes from the joint interviews were prepared in anticipation of litigation and are subject to work product protection. Nothern first contends that the documents in question do not qualify for work product protection because they were prepared for the benefit of the Justice Department rather than the SEC and that documents prepared by or for one who is not a party to the present suit are not afforded work product protection. Docket #68, at 5-6. However, the interview notes, while indeed prepared in part for Justice Department counsel, were also created partly for the benefit of SEC counsel. Clearly, the interview notes include the mental impressions, conclusions, opinions or legal theories of SEC counsel and constitute material prepared in anticipation of litigation.

Nothern also argues that Manchak could not have been the SEC's counsel's representative or agent within the meaning of Rule 26(b)(3) because the SEC did not retain, employ or compensate Manchak, because there was no agreement defining Manchak's relationship to SEC, and because the SEC has previously taken the (in Nothern's view) inconsistent position that it is a separate entity from the Justice Department for purposes of Rule 34 document production requests. It is not necessary to an invocation of Rule 26(b)(3)'s protections that Manchak was SEC's "agent" in the strict sense Nothern implies. The rule's listing of various types of "representatives" who might prepare a protected document for a party does not purport to be exhaustive and in fact the use of the word "including" suggests the opposite. It is sufficient that Manchak prepared the notes intending that they be utilized at least in part by SEC counsel, and that they reflect SEC counsel's work product. See Sprague v. Director, Office of Workers' Compensation, 688 F.2d 862, 870 (1st Cir.1982), citing United States v. Nobles, 422 U.S. 225, 239 n. 13 (1976) (characterizing as "beyond doubt" the protected status of a letter prepared by a doctor for a party's attorney in response to medical questions of the attorney). The plain language of Rule 26(b)(3) places the focus upon the motivation underlying creation of a document (i.e., was it created "by or for a party" and "in anticipation of litigation or for trial,") not upon the identity or employment status of the individual creating the document. That the USAO and the SEC entered into this relationship regarding the joint witness interviews did not render them one party within the meaning of Rule 34.

The privilege derived from the work-product doctrine is not absolute and like other qualified privileges, it may be waived. U.S. v. Nobles, 422 U.S. 225, 239 (1975). For example, disclosure to an adversary, real or potential, forfeits work product protection. See, U.S. v.

5

Massachusetts Institute of Technology, 129 F.3d 681, 687-688 (1sr Cir.1997) and cases cited therein.  Nothing about the fact that the SEC exposed its work product to the USAO, however, alters its character as work product.  In the present case, the two agencies had common interests (or at the very least were not in adversarial positions) and the SEC has not used the materials in any way inconsistent with the purposes of Rule 26(b)(3).  Moreover, Mr. Rossetti's affidavit indicated that the Justice Department made an access request to the SEC whereby that agency shared with the USAO certain information uncovered in the course of its investigation, and the Justice Department likewise shared with the SEC certain information not gathered via grand jury proceedings.  Docket #48, at ¶ 3; Docket #33, 'Exhibit Q'.  The USAO agreed (with certain exceptions delineated in the access request) to respect the confidentiality of information shared.  Nor are the positions taken by SEC with regard to the agencies' sharing of the joint interview notes on the one hand, and the differentiation of those same agencies for Rule 34 purposes on the other hand, inconsistent in the Court's view.

CONCLUSION

    For the foregoing reasons, the Defendant's Motion to Compel (Docket #67) is DENIED.

        / s / Leo T. Sorokin
        Leo T. Sorokin
        United States Magistrate Judge