UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>STEVEN E. NOTHERN,<br><br>　　　　　Defendant. | Civil Action No. 05-10983 (NMG) |

### JOINT MOTION TO CONTINUE TRIAL DATE

Plaintiff Securities and Exchange Commission ("SEC") and defendant Steven E. Nothern hereby jointly move this Court to continue the trial date in this case. As grounds for this motion, the parties state as follows:

**Discovery in This Action**

1. In this action, the SEC alleges that on October 31, 2001 Nothern violated the federal securities laws by engaging in insider trading based on information released at the quarterly refunding press conference held by the Department of the Treasury ("Treasury") that day. Specifically, the SEC alleges that Nothern directed trades in the 30-year bond for portfolios he managed at Massachusetts Financial Services Company ("MFS") after receiving a voicemail message from a consultant, Peter Davis, who had attended the press conference at which Undersecretary of the Treasury Peter Fisher announced Treasury's decision to suspend the 30-year bond.

2. Nothern contends that contested issues in this case include whether the information from the press conference was actually confidential, whether Davis owed a fiduciary

duty to Treasury, whether Nothern knew of such a duty if it existed, and whether trades directed by Nothern actually preceded the posting of the information on the Treasury's website.

3.  Nothern contends that multiple elements of the SEC's claims and his defenses turn on the Treasury's decision to admit Davis to its press conferences and its handling of its announcement on October 31, 2001 to suspend issuance of the 30-year bond. He has therefore sought the production of relevant documents from Treasury and the U.S. Secret Service, the agency that controlled access to the Treasury building in October 2001 (and which has since been transferred to the jurisdiction of the Department of Homeland Security ("DHS")). Nothern has done so through both a document request to the SEC under Federal Rule of Civil Procedure 34 (served on September 27, 2005) and requests directly to Treasury and Secret Service under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (made on November 11, 2005 and December 20, 2005, respectively).

4.  Nothern has sought to depose several current and former Treasury officials and employees whose testimony Nothern contends is important to his defense. He made his requests to depose these employees on May 18, 2006 and August 16, 2006. After initially granting some of Nothern's requests, Treasury denied his request to depose employee Elnora Bowser on November 2, 2006, and denied his requests to depose Jill Cetina, Michele Davis, and Steve Berardi on November 30, 2006. On November 15, 2006, Treasury also revoked the authorization for the deposition of David Aufhauser that it had earlier provided on June 9, 2006.

**The Magistrate Judge's Order**

5.  Nothern filed a renewed motion to compel against the SEC on October 30, 2006 (Docket # 44). On November 17, 2006, Nothern also filed a motion for an order to show cause

why the case should not be dismissed in light of Treasury's refusal to allow depositions of its employees with information relevant to the claims and defenses in this case (Docket # 49).

6.    In its order of January 24, 2007, the Court (Sorokin, M. J.) denied both motions, reasoning that "independent regulatory agencies and Executive Branch departments are separate and distinct entities which do not control one another's documents within the meaning of Rule 34." Docket # 63 at 9-10.  While acknowledging that the information Nothern seeks is relevant, the Court reasoned that the legal authority cited by Nothern to require production by the SEC was inapposite because, in this case, "a separate process exists (albeit a potentially cumbersome and time-consuming one)" for Nothern to challenge the agency action denying him such information. *Id.* at 12.  The Court further noted that "the SEC has indicated that it would not oppose reasonable requests to extend the case deadlines to accommodate Nothern's attempts to pursue such remedies." *Id.*

7.    Nothern filed objections to the Magistrate Judge's Order on February 27, 2007 (Docket # 65), and the SEC responded on March 13, 2007 (Docket # 75).  These objections are pending.[1]

**Nothern's Related APA and FOIA Actions**

8.    Consistent with the Magistrate Judge's Order, and with the goal of exhausting all available means to obtain the documents and testimony he has been denied, Nothern has since pursued administrative remedies and filed three related actions in the District of Massachusetts under the Administration Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, and FOIA.

---

[1] In addition, on May 22, 2007, Magistrate Judge Sorokin denied a separate motion by Nothern to compel production of Justice Department documents in the SEC's possession (Docket # 67). *See* Docket ## 81, 83 (revised order).  Nothern filed objections to this Order on June 5, 2007 (Docket # 84), and the SEC moved for leave to file a response on June 19, 2007 (Docket # 85).  These objections are also pending.

9. First, on February 21, 2007, Nothern filed an APA action challenging Treasury's refusal to allow the depositions of its five current and former employees. *See Nothern v. United States Department of the Treasury*, No. 07-cv-10347-NMG (D. Mass.), Docket # 1. Treasury answered the complaint on April 25, 2007. *Id.*, Docket # 5. Nothern moved for summary judgment on May 8, 2007. *Id.*, Docket # 6. Treasury filed an opposition to Nothern's motion and filed its own motion for summary judgment on May 22, 2007. *Id.*, Docket # 10. Those cross-motions are now ready for a decision by the Court.

10. Second, on April 5, 2007, Nothern filed a FOIA action challenging Treasury's decision to withhold agency records originally requested by him on November 11, 2005. *See Nothern v. United States Department of the Treasury*, No. 07-cv-10661-NMG (D. Mass.), Docket # 1. Treasury answered the complaint on May 10, 2007, *id.*, Docket # 4, and Nothern moved for summary judgment on June 15, 2007, *id.*, Docket # 5.

11. Third, on May 8, 2007, Nothern filed a FOIA action challenging the decision of the Secret Service and DHS to withhold records originally requested by him on December 20, 2005. *See Nothern v. United States Department of Homeland Security*, No. 07-cv-10865-NMG (D. Mass.), Docket # 1. After having requested a one-week extension, the Secret Service and DHS filed their answer on June 20, 2007, *id.*, Docket # 6, and Nothern intends to move for summary judgment shortly.

12. The current trial date of October 15, 2007 does not allow the Court adequate time to resolve these related APA and FOIA actions – much less allow the parties in this case time to conduct any necessary follow-up fact discovery, designate experts, conduct expert discovery, or file summary judgment motions and responses thereto. Nothern anticipates moving for summary judgment on all claims.

**The Court's Prior Order Extending Case Deadlines**

13.     On January 31, 2007, the parties jointly moved for an extension of the current case deadlines for expert designations, expert depositions, service of dispositive motions, and responses to dispositive motions until such time as the Court can decide the three related discovery actions described above. The parties requested that after the Court decides the related actions, it (1) direct the parties to confer and propose a new schedule for any necessary fact discovery at that point, expert designations, expert depositions, and service of dispositive motions and responses thereto; and (2) set new dates for the pretrial conference and trial. *See* Docket # 64, at 5.

14.     The Court granted the parties' motion on March 13, 2007.

15.     Then, on April 6, 2007, the Court on its own motion scheduled trial in this case for October 15, 2007, with a pretrial conference set for October 4, 2007.

16.     Because it is very unlikely that this case will be ready for trial by October, the parties, after conferring pursuant to Local Rule 7.1(a)(2) on June 18, 2007, jointly request that the Court continue the trial date *sine die*. The parties respectfully request that after the Court decides the related actions referenced above, it (1) direct the parties to confer and propose a new schedule for any necessary fact discovery at that point, expert designations, expert depositions, and service of dispositive motions and responses thereto; and (2) set new dates for the pretrial conference and trial.

- 6 -

Respectfully submitted,

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|
| /s/ Erica Y. Williams | /s/ John A. Shope |
| Erica Y. Williams | Nicholas C. Theodorou (BBO # 495730) |
| John J. Rossetti, Jr. | John A. Shope (BBO # 562056) |
| U.S. Securities and Exchange Commission | Robert E. Toone (BBO # 663249) |
| 100 F Street, N.E. | FOLEY HOAG LLP |
| Washington, D.C.  20549-4010 | 155 Seaport Boulevard |
| Phone:  (202) 551-4450 | Boston, MA  02210 |
| Fax:     (202) 772-9245 | Phone:  (617) 832-1000 |
| williamse@sec.gov | Fax:     (617) 832-7000 |
|  | jshope@foleyhoag.com |

Dated:  June 22, 2007