UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN E. NOTHERN,<br><br>Defendant. | Civil Action No. 05-10983 (NMG) |

**JOINT MOTION TO CONTINUE TRIAL DATE AND ENTER SCHEDULING ORDER**

Plaintiff Securities and Exchange Commission ("SEC") and defendant Steven E. Nothern hereby jointly move this Court to continue the trial date and for a revised scheduling order in this case. As grounds for this motion, the parties state as follows:

**Discovery in This Action**

1. In this action, the SEC alleges that on October 31, 2001 Nothern violated the federal securities laws by engaging in insider trading based on information released at the quarterly refunding press conference held by the Department of the Treasury ("Treasury") that day. Specifically, the SEC alleges that Nothern directed trades in the 30-year bond for portfolios he managed at Massachusetts Financial Services Company ("MFS") after receiving a voicemail message from a consultant, Peter Davis, who had attended the press conference at which Undersecretary of the Treasury Peter Fisher announced Treasury's decision to suspend the 30-year bond.

2. Nothern contends that contested issues in this case include whether the information from the press conference was actually confidential, whether Davis owed a fiduciary duty to

Treasury, whether Nothern knew of such a duty if it existed, and whether trades directed by Nothern actually preceded the posting of the information on the Treasury's website.

3. Nothern contends that multiple elements of the SEC's claims and his defenses turn on the Treasury's decision to admit Davis to its press conferences and its handling of its announcement on October 31, 2001 to suspend issuance of the 30-year bond. He therefore sought the production of relevant documents from Treasury and the U.S. Secret Service, the agency that controlled access to the Treasury building in October 2003 (and which has since been transferred to the jurisdiction of the Department of Homeland Security ("DHS")). Nothern did so through both a document request to the SEC under Federal Rule of Civil Procedure 34 (served on September 27, 2005) and requests directly to Treasury and Secret Service under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (made on November 11, 2005 and December 20, 2005, respectively).

4. Nothern also sought to depose several current and former Treasury officials and employees whose testimony Nothern contends is important to his defense.

**Nothern's Related APA and FOIA Actions**

5. On January 24, 2007, the Court (Sorokin, M. J.) denied motions to compel that Nothern had filed against the SEC, reasoning that Nothern could obtain the requested information from other government agencies by "a separate process" albeit "a potentially cumbersome and time-consuming one." Dkt. #63 at 12.

6. In early 2007, Nothern filed three related actions in the District of Massachusetts under the Administration Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, and FOIA.

7. On February 21, 2007, Nothern filed an APA action challenging Treasury's refusal to allow the depositions of five of its current and former employees. *See Nothern v. United States*

*Department of the Treasury*, No. 07-cv-10347-NMG (D. Mass.), Docket # 1. Treasury answered the complaint on April 25, 2007. *Id.*, Docket # 5. Nothern moved for summary judgment on May 8, 2007. *Id.*, Docket # 6. Treasury filed an opposition to Nothern's motion and filed its own motion for summary judgment on May 22, 2007. *Id.*, Docket # 10. On October 4, 2007, the Court held a hearing on Nothern's and Treasury's cross motions for summary judgment, and issued a ruling that allows Nothern to depose the five current and former Treasury employees, but limits his time for all five depositions to a total of ten hours.

8.   On April 5, 2007, Nothern filed a FOIA action challenging Treasury's decision to withhold agency records originally requested by him on November 11, 2005. *See Nothern v. United States Department of the Treasury*, No. 07-cv-10661-NMG (D. Mass.), Docket # 1. Treasury answered the complaint on May 10, 2007, *id.*, Docket # 4, and Nothern moved for summary judgment on June 15, 2007, *id.*, Docket # 5. Treasury opposed Nothern's motion for summary judgment and filed a cross motion for summary judgment on June 29, 2007, *id.,* Docket # 10. On October 4, 2007, the Court held a hearing on Nothern's summary judgment motion. At the hearing the Court ordered Treasury to produce additional documents in compliance with its obligations under FOIA and to submit any documents Treasury continued to deem exempt for *in camera* review by the Court no later than November 5, 2007. Treasury provided the Court with an *in camera* submission on November 1, 2007, *id.*, Docket # 19. On December 3, 2007, the Court issued an Order requiring Treasury to produce certain additional documents that the Court found should not have been withheld, Docket # 29. Treasury thereafter produced the documents on December 10, 2007.

9.   On May 8, 2007, Nothern filed a FOIA action challenging the decision of the Secret Service and DHS to withhold records originally requested by him on December 20, 2005. *See*

*Nothern v. United States Department of Homeland Security*, No. 07-cv-10865-NMG (D. Mass.), Docket # 1. On June 6, 2007, DHS filed an answer to Nothern's complaint, *id.*, Docket #6. On August 1, 2007, Nothern moved for summary judgment, *id.*, Docket # 7. DHS filed a cross motion for summary judgment, Docket # 12. Nothern filed an opposition to DHS's summary judgment motion on September 24, 2007 as well as a motion to continue pursuant to Fed. R. Civ. P. 56(f) to conduct discovery on claims raised in DHS's briefs and supporting declarations. On October 4, 2007, the Court held a hearing in this action. After it was determined that the information Nothern was seeking was actually in the possession of Treasury, on November 8, 2007 the parties filed a stipulation of dismissal pursuant to Rule 41 (a)(1)(ii) of the Fed. R. Civ. P., *id.*, Docket # 20. Treasury produced the additional information sought in this action on November 30, 2007.

10.     The current trial date of February 11, 2008 does not allow the parties adequate time to conduct the remaining five depositions, designate experts, conduct expert discovery, file dispositive motions, and responses thereto, or prepare pre-trial submissions required by Local Rule 16.5. Nothern anticipates moving for summary judgment on all claims. The SEC may also file a motion for summary judgment.

**The Court's Prior Order Extending Case Deadlines**

11.     On January 31, 2007 and June 22, 2007, the parties jointly moved for extensions of the current case deadlines for expert designations, expert depositions, service of dispositive motions, and responses to dispositive motions until such time as the Court could decide the three related discovery actions described above. In both joint motions, the parties requested that after the Court decides the related actions, it (1) direct the parties to confer and propose a new schedule for any necessary fact discovery at that point, expert designations, expert depositions,

and service of dispositive motions and responses thereto; and (2) set new dates for the pretrial conference and trial.  *See* Docket ## 64 at 5 and 87 at 16.

12.    The Court granted the parties' January 31, 2007 motion on March 13, 2007.

13.    Then, on April 6, 2007, the Court on its own motion scheduled trial in this case for October 15, 2007, with a pretrial conference set for October 4, 2007.

14.    The Court granted the parties' June 22, 2007 motion on July 17, 2007 and scheduled the trial date for February 11, 2008, with a pretrial conference set for February 4, 2008.

15.    It is very unlikely that this case will be ready for trial by February 2008.  Treasury only produced the remaining documents at issue in *Nothern v. United States Department of the Treasury*, No. 07-cv-10661-NMG (D. Mass.) on December 10, 2007.  Nothern is awaiting notice from Treasury on when five current and former Treasury employees will be available to participate in depositions.  On December 7 and 14, 2007, the parties conferred and have proposed the following new schedule for the Court's consideration:

> February 29, 2008 – Non-expert witness depositions completed
>
> May 2, 2008 – Expert disclosures due
>
> June 30, 2008 – Expert depositions completed
>
> September 15, 2008 – Dispositive motions due
>
> October 15, 2008 – Responses to dispositive motions due
>
> January 16, 2009 – Pretrial conference
>
> February 17, 2009 – Trial date

- 6 -

Respectfully submitted,

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|
| /s/ Erica Y. Williams | /s/ John A. Shope |
| Erica Y. Williams | Nicholas C. Theodorou (BBO # 495730) |
| Sarah L. Levine | John A. Shope (BBO # 562056) |
| John J. Rossetti, Jr. | Robert E. Toone (BBO # 663249) |
| U.S. Securities and Exchange Commission | FOLEY HOAG LLP |
| 100 F Street, N.E. | 155 Seaport Boulevard |
| Washington, D.C. 20549-4010 | Boston, MA 02210 |
| Phone: (202) 551-4450 | Phone: (617) 832-1000 |
| Fax: (202) 772-9245 | Fax: (617) 832-7000 |
| williamse@sec.gov | jshope@foleyhoag.com |

Dated: December 21, 2007