UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 05-10983 (NMG) |
| Plaintiff, | |
| v. | **ORAL ARGUMENT REQUESTED** |
| STEVEN E. NOTHERN, | |
| Defendant. | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, and for the reasons set forth more fully in the accompanying memorandum of law and Declaration of Robert E. Toone filed herewith, defendant Steven E. Nothern hereby moves for a summary judgment of dismissal of the sole count of the Complaint, which asserts a claim under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j.  In summary, Nothern states as follows:

1.      The information upon which Nothern allegedly traded at approximately 9:42 a.m. on October 31, 2001 was already public no later than the commencement of the Treasury Department's 9:00 a.m. press conference at which the information was announced, given Treasury's undisputed failure to secure any obligation purporting to bind the attending reporters to a duty to hold the information in confidence until the requested "embargo" time of 10:00 a.m., and in any event was posted to the Internet at 9:40 a.m.

2.      Even if Treasury's purported press "embargo" were binding on its face, it was unenforceable under the First Amendment based on the undisputed fact that the embargo was completely unnecessary, did not serve any compelling government interest, and in fact was thereafter abandoned by Treasury.

3.      The alleged agreement between consultant Peter Davis and Treasury did not give rise to a fiduciary or like duty as would be required to impose liability for insider trading.

4.      Nothern was never informed of any duty on the part of Davis to comply with any press embargo as would likewise be required for liability.

Each of these points is independently sufficient to support entry of summary judgment.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Steven E. Nothern hereby requests the Court to schedule an oral argument in connection with his motion.

Respectfully submitted,

STEVEN E. NOTHERN

By his attorneys,

/s/ John A. Shope
Nicholas C. Theodorou, BB0 #495730
John A. Shope, BBO #562056
Robert E. Toone, BBO # 663249
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I, John A. Shope, hereby certify that on June 16, 2008, counsel for the SEC and I conferred and attempted in good faith to resolve or narrow the issues raised in the motion, but were unable to do so.

/s/ John A. Shope

Dated:  June 16, 2008

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ John A. Shope